CHOCTAW, OKLAHOMA & WESTERN RAILWAY COMPANY, *a corporation* v. LEWIS H. WILKER.

(Filed January 5, 1906.)

1. CONTRIBUTORY NEGLIGENCE—Question of Law or Fact, When Where there is conflicting evidence on the question of contributory negligence, it is always a question of fact for the jury. It is only when the facts are such that all reasonable men must draw the same conclusion from them, that the question of negligence is ever considered as one of law for the court.

2. COMMON CARRIERS—Railways—Duties of—Independant Contracts. Where a railroad company by law is charged with a duty to the public, it cannot excuse itself from a performance of such duty by an independent contract with other parties; and where it is made by law the duty of a railroad company to keep a highway in reasonably safe condition for travel at the point where the highway intersects such railroad right of way, or where the law makes it the duty of a railroad company in making alterations by means of which the highway may be obstructed, to provide and keep in good order suitable temporary ways to enable travelers to avoid or pass such obstructions, and where a party is injured in consequence of the failure of the railroad company to discharge this duty, such company cannot escape liability by showing that the work was done by other parties under an independent contract.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before John H. Burford, Trial Judge.*

*C. B. Stuart, T. R. Beaman, C. O. Blake, M. A. Low, Dale & Bierer,* for plaintiff in error.

*Devereux & Hildreth* and *Cotteral & Horner,* for defendant in error.

### STATEMENT OF FACTS.

This was an action begun in the district court of Logan county, Oklahoma Territory on the 25th day of October, 1902 by the plaintiff against the defendant. In his petition, the plaintiff alleges that the defendant, the Choctaw, Oklahoma & Western Railroad Company a corporation, was at the time of said injury, a corporation duly organized and existing under the laws of the Territory of Oklahoma, and as such was empowered by its charter to construct a railroad through the county of Logan. That on the 29th day of April, 1902, the said defendant company was engaged in the construction of its railroad over and across section seven, township 16, north, of range 1, east, on the meridian line of the county of Logan, and over and across the highway which runs by section 7, on the west side thereof, and on the said meridian line. That in the construction of said railroad, it became necessary for the defendant to place said highway which had been torn up by the construction of the railroad of the defendant, in good and safe condition, and in proper condition to be used by the public with safety. That the defendant in the construction of the railroad as aforesaid, on the highway on the meridian line by section seven, negligently and carelessly failed to place said highway so torn up by it as aforesaid, in a good and safe condition, and fit to be traveled over by the public. Then in said petition followed a detailed and accurate description of the defect in the crossing of the highway, and the railroad right of way.

The petition further alleges that on the said 29th day of April, 1902, the plaintiff while traveling over said highway with a loaded wagon, and using reasonable care and caution to avoid injury, was, in consequence of the railroad com-

pany's negligence in not keeping said crossing in suitable and proper repair, and reasonably safe, sustained injury, and was damaged. Then follows a description of the injury and the petition concludes: "Wherefore the plaintiff demands the sum of five thousand dollars and the costs of this action." To this petition the defendant first filed a motion to make the petition more definite and certain, which was by the court overruled. Defendant then filed a demurrer on the grounds: First, that the pleading filed by plaintiff herein is not entitled "petition" as required by section 3695, of the statutes of 1893; and second, because the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant. This demurrer was sustained as to the first ground and overruled as to the second. Plaintiff was then given leave to amend his petition by interlineation, and defendant given ten days to answer. On the 19th day of February, 1903, the defendant filed its answer, which answer is first, a denial of every material allegation in plaintiff's petition and prayer for judgment, and second, it denies negligence in the construction of the passageway over and across the railway bed at the junction of the highway along the railroad right of way, as set forth in the petition, third, the defendant denies liability for the reason that it is alleged that the injuries were caused by contributory negligence of the defendant, and fourth, defendant denies liability because it alleges the fact to be that said passageway was being constructed by the firm of Kahmann & McMurray, contractors, who had the complete charge and control of said construction, and the building of the grade of said railway company at the point where said passageway crosses the same. To this answer the plaintiff filed a reply.

First, he denied each and every one of the allegations in the second defense set out, and second, that he denied each and every one of the allegations in the third defense set out, and third, that he denied each and every one of the allegations in the fourth defense set out, and prays judgment.   Afterwards, and on March 10th 1904, said cause came on for trial pursuant to assignment theretofore made.   A jury was duly and legally empaneled and sworn to try said cause, and evidence heard, the jury instructed by the court as to the law. arguments of counsel made, and the jury returned a verdcit against the defendant and in favor of the plaintiff, assessing his damages at the sum of eleven hundred and fifty dollars, and also returned answers to 50 special interrogatories propounded to them.   Motion for new trial was regularly made in due time by defendant, which was by the court overruled, and judgment on verdict pronounced, to all of which the defendant, by its counsel, objected and excepted.   The case is brought here for review.

Opinion of the court by

IRWIN, J.:   There are but two questions presented to the court and argued by counsel for a reversal of the case. While some other assignments of error have been made by the plaintiff, a great many objections were waived in the motion for a new trial, and by the express statement of counsel in their brief, all of the assignments of error, save two, have been waived and abandoned by them, as we find in the very outset of plaintiff in error's brief.   "There are two questions which we will present in this brief and argument, for a reversal of the case, with directions to the court below to dismiss, and we will present them in the following order." The first of these questions is:   .

"We contend that the court below, ·under the evidence should have sustained the demurrer interposed at the conclusion of plaintiff's evidence, or should have sustained the motion of plaintiff in error which asked the court to direct a verdict in favor of defendant, because under the evidence in the case, it is plainly evident that the plaintiff ought not to recover, because of contributory negligence upon his part."

And the second is:

"That the court below erred in excluding the testimony offered by the defendant below for the purpose of showing that the injury complained of was the result of the negligence of persons for whom the defendant company was not liable, to wit: Kahmann, & McMurray, independent contractors, who sub-contracted with one James McCaddon, for the construction of the vehicle crossing, which plaintiff below claimed was so negligently constructed as to cause the injury complained of."

These are the only two propositions which this court has a right to consider. This is true from the fact that they are the only two which are presented by counsel for plaintiff in their brief and argument, and under the well recognized and oft repeated decisions of this court, where errors are assigned and are raised in the motion for a new trial, and are not referred to or discussed in the brief of counsel, they will be treated as waived in this court. This proposition requires no citation of authorities, as it has been so often and repeatedly decided by this court. We will discuss these propositions in their order:

1st: Did the evidence disclose such contributory negligence on the part of the plaintiff that the court should have taken the case from the jury and directed a verdict for the defendant in the court below? We take the rule to be well

established, that where there is a conflict of evidence on the question of contributory negligence, it is always a question of fact for the jury, and it is only in cases where the facts are such that all reasonable men must reach the same conclusion that it becomes a question of law for the court.

In the case of *Kane v. Northern Central Railway Company*, reported in the 128 U. S. at page 91, the United States supreme court say:

"In an action by  an employee of a railroad  company against the company to recover damages for personal injuries received by reason of the negligence of the company, in order to determine whether the employee, by recklessly exposing himself to peril, has failed to exercise the care for his personal safety that might reasonably be expected, and has thus by his own negligence contributed to causing the accident. regard must always be had to the circumstances of the case, and the exigencies of his position; and the decision of this question ought not to be withheld from the jury unless the evidence, after giving the plaintiff the benefit of every inference to be fairly drawn from it, so conclusively establishes contributory negligence, that the court would be compelled, in the exercise of a sound judicial discretion, to set aside any verdict returned in his favor."

And in the case of *City of Guthrie, v. C. E. Swan,* reported in the 5th Okla. page 779, this court says, on page 785, of the opinion:

"These circumstances adduced in evidence were such as that it was the duty of the court to submit them to the jury for determination as to whether or not, under proper instructions, the plaintiff was guilty of negligence."

And in the case, prior to using this language, the court had detailed the evidence which showed that there was a conflict of evidence upon this point.

And in the case of *Neely, v. Southwestern Colton Seed Oil Co.,* (Okla.) reported in the 75 Pac. 537, this court says:

"When on the trial of a cause, a question is presented as to the existence of negligence, or contributory negligence, and the facts which the evidence reasonably tends to establish are such that all reasonable men must draw the same conclusions from them, the case is one of law for the court; but, if fair minded men may honestly draw different conclusions, the cause should not be withdrawn from the jury."

In *Palmer v. Daering,* 93 N. Y. 7, that court says:

"While previous knowledge, by a party injured, of a dangerous situation, or impending danger, from which a person of ordinary intelligence might apprehend injury, generally imposes on him greater care and caution in approaching it, the degree of care required is a question of fact for the jury."

In *Stewart v. Harvard College,* 94 Mass. 58, it is held that whether a person has received an injury by falling in an elevator was careless in omitting to observe before stepping upon the platform whether the engine was in operation so that the elevator could not fall, is a question of fact to be submitted to the jury.

In *Breeze v. Powers,* (Mich.) 45 N. W. 130, it is decided that where the plaintiff is injured by falling into an area on a private walk, and the plaintiff had passed many times along the walk, and could see it from his window, and at the time of the accident it was night time, but light enough for the plaintiff to see the walk, the question of contributory negligence was properly left to the jury. The court says:

"Where the essential fact in a case is whether contributory negligence did or did not exist, and this depends upon inferences to be drawn from facts and circumstances about

which honest, intelligent and impartial men might differ, such a case should be submitted to the jury."

In *Engle v. Smith,* 46 N. W. 21, the plaintiff was injured by falling into a hatchway, with the location of which he was fully acquainted, and he also knew that it was customary to use it at the time of day at which the accident happened. He did not stop to see whether the hatchway was open or not, but fell into it and was injured. It was held a question for the jury whether he was guilty of contributory negligence or not.

Now in this case, the record discloses the testimony of the plaintiff in which he goes into detail as to his conduct at the time and just prior to the injury. He testified that he was returning home from Guthrie, driving a four horse wagon which was loaded. This highway was his most direct way home from Guthrie. He reached the point about dark, but still it was light enough for him to see about as far as his horses' heads. At this point the railway crossed the highway at right angles, and that crossing had only been made that day, but the plaintiff swears he had never crossed that crossing since it had been changed, and that he had no knowledge of the change. That when he reached the crossing the team stopped and he looked attentively at the crossing, and saw where other vehicles had gone across it, and saw where the dirt had been banked up. He then carefully drove slowly onto the crossing. Now these facts and circumstances, if there was no other evidence in the case, were facts and circumstances which the jury had a right to consider in determining the question of contributory negligence, and with this evidence in the case, if it stood alone, and was contradicted by many witnesses as to the facts, would be sufficient

to authorize the court in submitting the case to the jury under proper instructions. This question was submitted to the jury, and by their verdict they found against the defendant on this proposition, and no criticism is made in the briefs and arguments of counsel as to the instructions of the court. Hence, we are authorized in presuming that such instructions correctly and properly stated the law, and we do not think it was error on the part of the court in refusing to take this question from the jury and decide that it was contributory negligence, or in other words, sustain the demurrer of the defendant.

The other and only remaining assignment of error is that as contended for by plaintiff in error, the injury complained of was the result of negligence of an independent contractor, and therefore the plaintiff in error is not liable.

We have carefully examined the cases submitted by counsel for plaintiff in error to sustain this contention, but we think in those cases there is a decided difference in the facts from those in the case at bar. In all those cases, we think without exception, the element of a public duty is omitted. We do not think that any of these cases would sustain the contention that where a railroad company, under the law, was charged with a duty to the public, and the injury complained of resulted from a failure to properly discharge that duty, that their liability could be avoided by showing that the work was done under an independent contract.

One of the cases cited by counsel for plaintiff in error, is the case of *Casement v. Brown,* reported in the 148 U. S. at page 615. In this case two railroad corporations, one an Ohio, and the other a West Virginia corporation, obtained

authority from the United States government to construct
a railroad bridge across the Ohio river opposite Point Pleasant
West Va. They let the contract for the buildng of the bridge
to the contractor, Casement. This action was brought
against Casement for the recovery of two barges claimed to
have been lost through the negligence of defendant, and Case-
ment set up as his defense that he was only the agent of the
railroad companies, and that they, and not he were liable.
The court found against him on that proposition, and the
supreme court of the United States sustains them in that.
This decision simply goes to the effect that the contractor,
through whose negligence the damage occurred, and was di-
rectly attributable, could not shirk his responsibility on the
ground of his being the agent, but they did not attempt to
decide what the liability of the railroad company would be
in the case, and they did not decide anything like the case
similar to the case at bar where a public duty is involved.

It is apparent from a reading of this decision, that the
supreme court of the United States in that case did not in-
tend to lay down the rule that the companies under certain
circumstances would not be liable, because on page 623 of
the opinion they use this language:

"It is unnecessary to inquire whether, because of the
supervision retained by the companies through their engi-
neers, or because the work which was done was work done on
a public highway, the companies might also be responsible
for any negligence in the progress of the work. It is enough
for this case that these defendants contracted to do the work,
and to procure a finished structure according to certain plans
and specifications, and having made such contract, and en-
gaged in such work in accordance therewith, they are respon-
sible for all injuries resulting from their own negligence."

Counsel for plaintiff in error also cite the case of *Alritt, v. Gillette-Herzog Mfg. Co.,* 88 N. W. 741, from the Minnesota supreme court, but an examination of that case will show that one John Wunder had entered into a contract with the owner, and was engaged in the construction of a building in the city of Minneapolis. Subsequently he entered into a contract with defendant in this action, by which he undertook and agreed to furnish and erect at such times as might be required of him all the structural iron work of the building, including beams, beam fitting, and trusses. Defendant in turn subsequently sublet the same to the firm of Winbald & Bruce, and that firm entered upon its performance. Just prior to the time complained of, the sub-contractors, Winbald & Bruce, had deposited in the street adjacent to the building a quantity of material to be used in the performance of the contract, including a large iron beam which was so placed that it extended across the street. On the night of August 4th, 1900, about 11 o'clock, and while said large iron beam was so across the street adjacent to the building, plaintiff who was riding a bicycle thereon, without fault on his part, ran his wheel into the beam and received the injuries complained of.

Now, this it will be seen is a very different case from the case at bar. This was a suit brought against a contractor for an injury resulting from the negligence of the independent sub-contractor; and as to the contract with the sub-contractor, there was no legal duty placed upon them to keep the streets of Minneapolis reasonably safe for travel, and this decision does not pretend to say what the result would have been had this action been brought against the city of Minneapolis. We think that under the facts as alleged in this case, that if

the suit had been brought against the city of Minneapolis, there would have been no doubt about plaintiff's right to recover.

They also cite the case of *Kansas Central Railway Company v. Fitzsimmons,* 18 Kas. 34, which was an action where an injury resulted to a small boy while playing on a turn table, which was mischievously revolved by some other boy, whereby his leg was lost. The defense was that the road had never been turned over to the Kansas Central Railway Company, and was not at the time in their possession, or operated by them, but was in the hands of the contractor, the Washington Improvement Company, and it was held there that the plaintiff could not recover; but it will be seen that in this case it involved the discharge of no public duty, similar to that involved in this case, and in this latter case, the Kansas supreme court say, at page 41 of the opinion:

"We do not wish to be understood that upon the evidence produced, the jury should have found that the Washington Improvement Company was in fact operating the railroad; nor that the Kansas Central Railway Company is not liable in the case. The question as to which company was operating the road at the time of the injuries complained of, is a question of fact to be decided upon the evidence, by the jury. But a party to an action has a right to have his case submitted to the jury under proper instructions, and in this case the plaintiff in error has been denied this legal right."

And in this same case, that great and distinguished jurist, of whom there is, in the judgment of the writer of this opinion, no better in the United States, Justice Brewer, in a dissenting opinion, uses this language:

"All I understand the instruction to say is, that a railway corporation receiving a franchise from this state, with

the high and peculiar privileges attaching to corporations incorporated to discharge a public duty, as well as to subserve a private benefit, cannot shift upon others the duty and responsibility of a personal exercise of the corporate powers granted, except in the cases and under the conditions specified in the statute. It may contract for the construction of its road. It may lease the road, when constructed to another corporation whose road with its own will make a continuous line. But it cannot avoid responsibility by simply permitting another party, neither contractor nor lessee, to assume charge of the immediate running of the road."

They also cite the case of *Chicago City Railroad Company v. Hennessey*, 16 Ill. App. Court Reports, 154. But an examination of this case will show that all that was there held by the court was that a contractor who had taken a contract from the said railway company to construct a cable system for running its cars, and where an injury was occasioned by the negligence of such contractor, the said contractor himself could not escape liability; but there again, was no public trust, or duty required by law.

A number of cases are cited by counsel for plaintiff in error to support their theory, but we think that in all of these cases, there is an entire absence of the question of a duty imposed by statute, and we take the rule to be elementary that where the statute imposes upon a railroad corporation a certain duty, that they cannot escape liability for a failure to perform that duty or a damage occasioned thereby, by delegating that authority to an independent contractor.

In 1st. Thompson on Negligence, page 278, it is said:

"Where a duty is imposed by statute upon a proprietor who proposes to excavate for the purpose of building, it is no defense to an action by another proprietor who is injured, that the former contracted with another to do the work."

We have examined the entire record in this case, and finding no error that we deem material, or for which the case should be reversed, the decision of the district court is affirmed, at the costs of plaintiff in error.

Burford, C. J., who presided in the court below, not sitting; Beauchamp, J. absent; all the other Justices concurring.