## C., N. O. & T. P. Railway Company v. Delaney.

(Decided May 16, 1924.)

### Appeal from Grant Circuit Court.

Master and Servant—Risk of Slipping on Frosty Tie Assumed by Section Hand.—Section hand slipping on a frosty tie while assisting in removing a heavy hand car held not entitled to re-

'cover for injuries suffered because frost is a natural phenomenon, and employe was acquainted with conditions, and assumed risks.

F. A. HARRISON for appellant.

O. S. HOGAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellee Delaney was a member of a section gang engaged in maintaining an interstate railroad track through Grant county, and is admitted to have been engaged in interstate commerce. On the morning of his injury he with six other men, including the foreman, rode a lever hand car on their way to work. After going some distance they came upon a work train, including a steam shovel or ditcher, standing upon the track on which the hand car was traveling. When near the work train the foreman put the brake on and stopped the hand car. He then dismounted and went forward, passing the engine of the work train to the caboose, where he engaged in conversation with the conductor in charge of the work train. While there the work train began to move in the direction of the hand car, but whether it started before or after the section boss gave a signal to the appellee and other men on the car to remove it from the track is not certain. At any rate about the time the train began to move the section foreman gave a signal by his hands to the crew on the hand car towards which the train was moving to lift the hand car from the tracks. After shoving the car along the rails a short distance away from the train the six men at the car undertook to remove it from the tracks. The car weighed about 500 pounds. It was loaded with tools, such as picks, shovels, bars and jacks, weighing about 1,500 pounds, a total of 2,000 pounds. When lifting the car from the track the appellee Delaney stood with his back towards the approaching train. Another workman stood beside him. After lifting the car the men started to carry it off the track, when the foot of appellee Delaney slipped upon a frosty crosstie and he fell, his hand being caught between the car and the rail, cutting and mashing his hand so that he lost one finger and suffered injury to another. For this injury he brought this action against the railroad company to recover damages and a jury awarded him a verdict of $1,500, and it is from a judgment upon that verdict that this appeal is prosecuted.

Appellant railway company insists that the judgment should be reversed (1) because the trial court erroneously overruled its motion for a directed verdict in its favor; (2) the instructions were erroneous; (3) the damages awarded are excessive.

Appellee Delaney insists that the injury of which he complains resulted from the negligence of the company in starting its work train in the direction of the hand car without giving him and his fellow workers reasonable opportunity to remove the car from the track, and that in thus starting its train it created an emergency which caused him and those with him to act in great haste, thus bringing about the accident. He does not, however, claim that the train struck either him or the car. In fact it is admitted by appellant and his witnesses that the train stopped some forty (40) feet or more before it reached the place where the hand car stood on the track. The case therefore resolves itself into a question of whether appellee Delaney may have a recovery for the injury sustained in the manner recited, even though he was acting under an emergency and in great haste. There is no evidence that the track foreman, who gave the signal to remove the hand car from the track, directed appellee and his associates to hurry or to act quickly in the removal of the hand car from the track. The signal was only given by hand. If there were such evidence we do not think that the company would be liable to appellee under the admitted facts, for it appears that the injury came about through appellee's foot slipping upon the crosstie which was made slick by frost that had fallen the night before, a nautral phenomenon thoroughly understood by every normal person in these latitudes, and against which the railroad may not and cannot protect its tracks. As the train did not strike appellee nor the hand car the case must be considered as though there were no train at or near the point of the injury.

Brought down to its last analysis, appellee's case is exactly like the case of a section hand assisting to remove a heavy hand car from the tracks under ordinary circumstances. If in working on the tracks of a railroad, an employee, there for the purpose of making the roadbed safe, slips and falls even upon frost or ice, he is without remedy because he is as well acquainted with the conditions as is his master, and must be presumed to have assumed all the risks of danger reasonably incident to

the employment.      We so held in the case of Judd's
Admrx. v. Southern Railroad Company, 171 Ky. 839. A
similar doctrine was reiterated in the still later case of
L. & N. Railroad Co. v. McIntosh, 183 Ky. 575.

The facts proven did not entitle appellee Delaney to
have his case submitted to a jury, and the court erred in
overruling the motion of appellant railroad company for
a directed verdict in its favor.    Having reached this con-
clusion it is unnecessary to 'consider the other questions
made by appellant.

Judgment reversed for proceedings consistent here-
with.