## WICHITA FALLS & S. R. CO. v. BURTON.

### No. 782.

Court of Civil Appeals of Texas. Eastland.

Jan. 23, 1931.

Rehearing Denied Feb. 20, 1931.

Goggans & Allison, of Breckenridge, and Bullington, Boone, Humphrey & King, of Wichita Falls, for appellant.

J. B. Cotten, of Crane, and Thomas & Coffee, of Big Spring, for appellee.

HICKMAN, C. J.

The appeal is from a judgment for damages on account of personal injuries. Appellee was employed by appellant as a section hand. His alleged injuries occurred on October 1, 1927. On that date the section gang in which appellee worked was directed by the foreman to raise a mudsill on a bridge. It was raining, and the ground about the bridge where appellee was directed to work was wet and slippery. While appellee and another section hand were operating the handle of the jack raising the mudsill, appellee's foot slipped on the wet ground, and injuries resulted. Various grounds of negligence were alleged, but only one of them was submitted to the jury. We shall therefore consider that particular ground and determine the question raised by appellant as to whether the evidence authorized a recovery thereon.

The issue of negligence submitted to the jury was as follows: "Do you find from a preponderance of the evidence that the defendant was negligent in requiring the plaintiff to perform the work at the particular time and place when he received his alleged injuries? Answer 'yes' or 'no.' Answer: Yes." This negligence was found by the jury to be the proximate cause of the injuries, and $5,000 was found to be the amount of the damages sustained.

The specific ground of negligence stated in the pleading, which was the basis of this issue, was as follows: "The defendant was negligent in .requiring the plaintiff, together with his co-laborers, to perform this work at this particular time, it having been raining, and the place upon which the plaintiff was required to stand being a knoll that was unusually slippery, when the work could have been done upon a day when no rain was falling and when the land was dry, for as a matter of fact the bridge was not in a dangerous condition and the work was not in the nature of an emergency and could have been performed prior to that time or subsequent to that, and on a day in which the weather and conditions would have been favorable."

Considering the issue submitted in the light of the pleading supporting same, it is disclosed that the real theory upon which recovery was had was the alleged negligence of appellant in requiring this particular work to be done on a rainy day, when same could have been safely done on a dry day, either before or after the day of the accident. It is not claimed that it was negligence for the appellant to direct the section hands to work in rainy weather, but the theory is that this particular piece of work was dangerous work in rainy weather, but could have been performed with safety in dry weather. The only ground of negligence therefore was as to the time when the work was ordered to be done. The element of place contained in the issue submitted is surplusage, as there was no other place at which the work could have been done.

■■ It is the contention of appellant that the evidence does not support this ground of negligence, because there is no evidence that an emergency did not exist. We sustain this contention. So far as this record discloses, it might have been necessary to the safety of the operation of appellant's trains to repair the defect in this bridge on that particular day. There is no evidence that this defect existed prior to that day, or that it would not have been dangerous to the operation of the trains to permit the condition to continue until fair weather. That being the state of the record, negligence could not be predicated alone upon the time when the work was performed. If an emergency existed, it could not have been performed at any other time. A combination of facts and circumstances was pleaded as forming a ground of negligence. The proof showed the existence of certain facts which might constitute negligence only when coupled with other facts not proven. The burden was upon appellee to introduce testimony upon each and every essential fact entering into the group or combination of facts constituting negligence. This burden was not discharged. Assuming, without deciding, that the facts pleaded might constitute negligence, this record is deficient in that some of the essential elements of the pleading are not supported.

■■ In his argument appellee points out the failure to warn as a fact to be considered in connection with the allegation of negligence. We are unable to take into consideration that fact, or any other fact not embodied in the very ground of negligence submitted, for it is well settled that appellee waived every ground of recovery which he did not request the court to submit to the jury. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■■ On the ground submitted we have only the question of time, and no question of failure to warn, failure to provide a safe place for the servant to work, failure to employ a competent foreman, or failure to furnish safe tools with which to work. Since the time at which the work was performed was the only ground of negligence, the least that could be required of appellee would be a showing that the work could have been performed at some other time without endangering the lives of passengers on appellant's trains. Railway companies exist not alone for private gain, but to serve the public as well. They are subject to state regulation and control. The high duty which they owe to protect the freight of their shippers and the lives of their passengers makes it imperative that their roadbeds and tracks receive constant supervision and care, regardless of the weather conditions. The rule has therefore become well established that such companies are not liable to their employees for injuries resulting alone from climatic conditions, such as rain, snow, and ice. Gibson v. Iowa Central Ry. Co., 115 Minn. 147, 131 N. W. 1057; Roberts v. Pell City Mfg. Co., 197 Ala. 106, 72 So. 341; Piquegno v. Chicago & Grand Trunk Ry. Co., 52 Mich. 40, 17 N. W. 232, 50 Am. Rep. 243; Judd's Adm'x v. Southern Ry. Co., 171 Ky. 832, 188 S. W. 880.

The judgment of the trial court will be reversed, and the cause remanded.