EARL, Adm'x, v. OKLAHOMA CITY-ADA-ATOKA RY. CO.

No. 29198. April 9, 1940.

*101 P. 2d 249.*

Taylor, Irwin & Irwin, of Dallas, Tex., and James W. Pipkin, of Seminole, for plaintiff in error.

O. E. Swan, of Muskogee, for defendant in error.

PER CURIAM. This is an action filed by Josephine Earl, administratrix of the estate of Joe Earl, to recover for the alleged wrongful death of Joe Earl, which was asserted to have been caused by negligence of defendant railway company.

Joe Earl, hereafter referred to as decedent, was a section foreman of a crew of five men including himself. The section was known as section 8. The crew reached the tool house at Tyrola, Okla., where they congregated to go to their

work at approximately 7:30 a. m., June 10, 1937. They had placed their motorcar on the track preparatory to leaving for the repair of a rail on the right of way when a freight train bearing a construction crew and the roadmaster, Hawkins, was sighted. They took their motorcar off to let the train go by. The roadmaster approached and directed them to place their motorcar back on the track and proceed north in front of the freight train to Salt creek, where there was a washout, and there assist in the repair of the damage. They placed the motorcar back on the right of way and went north toward the Salt creek washout and had reached the crossing on mile 71 when the motorcar, driven by Luther Rivers, overturned and the accident which resulted in the death of the decedent occurred when the motorcar struck an accumulation of sand on the track. At the conclusion of the evidence offered by the plaintiff, the court sustained a demurrer to the evidence.

The specific act of negligence alleged is that the railway company breached its duty to Joe Earl and was negligent toward him by reason of its failure to provide and maintain a reasonably safe roadbed and railway tracks from Konawa, Okla., to Salt creek, and to provide a reasonably safe motorcar for such trip. The evidence in this regard deals with two specific things: (1) unsafe motorcar; (2) unsafe condition of the track caused by an accumulation of sand on the rails at the place of the accident. The evidence discloses that this accumulation of sand was on section 8, the strip of road patrolled and supervised by this section crew. When they left Tyrola, decedent, together with two other members of the crew, sat on the front of the motorcar where they could watch out for any obstructions or defects in the track. As stated above, Luther Rivers, another member of the crew, was engaged in driving the motorcar. The first allegation of error, to wit, that the motorcar was unsafe in that it had faulty brakes, can be disposed of at once. No witness testified that the motorcar had faulty brakes, and at least one of the witnesses on direct questioning stated that the motorcar had good brakes. It will therefore be seen that the only evidence offered or suggested on the point of defective brakes on said motorcar disclosed without contradiction that the motorcar was in good condition.

That leaves for our sole consideration the accumulation of sand on the tracks. Plaintiff contends that the accumulation of sand discloses negligence because the crew was ordered to proceed rapidly over the road; that it was directed to proceed in front of a freight train; that it was directed to go to a definite place to fix a given point of trouble, which place was off the section of the decedent and his crew. The evidence is uncontradicted that the Salt creek washout was not on section 8, but was on another section. The night preceding the washout there had been a very heavy, if not unprecedented, rain from Tyrola to Salt creek.

The knowledge or ability of the defendant to know of the unsafe condition of the track must therefore determine whether or not there is any negligence chargeable to the defendant. It is argued that the order to proceed rapidly ahead of the train led to two dangers for which defendant was responsible: (1) being in front of a freight train necessitated going fast to avoid being run over; (2) both the going fast and the direction of the master to reach the given point rapidly or as speedily as possible prevented a survey of the danger ahead, which included the accumulation of sand.

It is not disclosed by the testimony of any witness that the decedent or his crew was directed to proceed fast in order to stay ahead of the freight train. On the contrary, the evidence discloses that the roadmaster told the decedent that the freight train would stay behind the motorcar. Although Luther Rivers testified that the crew went faster than they usually went, it was nowhere testified that they proceeded at a dangerous speed or that by reason of the speed they were unable to observe the unsafe condition of the roadbed ahead.

The evidence discloses that never before had there been an accumulation of sand at the crossing at mile 71. This same crew, including the decedent, had been over this part of the road either the day before or at least two days before the accident and had found the track in good condition. There is no evidence of negligence in the defendant failing to warn the decedent to be on the lookout for sand at this particular place. In this connection it is to be observed that the only servants or employees by which the defendant could have been warned of the condition of the track were the decedent and his crew, whose duty it was to oversee this strip of road. But assuming that it was not the duty of these men on the motorcar to discover and report the accumulation of sand under the facts and circumstances of this case, there is no evidence in the record disclosing negligence on the part of the defendant in failing to discover and report the accumulation of sand.

In this connection plaintiff cites and relies upon Kansas City, M. & O. Ry. Co. v. Roe, 72 Okla. 238, 180 P. 371; St. Louis & S. F. Ry. Co. v. Morris (Kan.) 93 P. 153, 13 L. R. A. (N.S.) 1100; and Missouri, K. & T. Ry. Co. v. Herron, 176 Okla. 162, 55 P. 2d 95. In Missouri, K. & T. Ry. Co. v. Herron, supra, a watchman was killed by being run over when the engineer failed to stop a car in a switch yard. The particular acts of negligence were described as follows:

"The evidence introduced warrants the conclusion that this failure to stop was due either to the negligence of the engineer in promptly and properly applying the brakes or to the existence of a defective brake system."

Likewise each of the remaining cases discloses a fact situation from which a jury was warranted in finding negligence or the furnishing of defective appliances.

In Waterman-Fouke Lumber Co. v. Miles, 135 Miss. 146, 99 So. 759, the syllabus by the court is as follows:

"A railroad track foreman, whose duty it was to repair the railroad track constituting the section over which he was foreman, received an injury caused by the defective condition of a part of said track, while passing over it in the car used by himself and his section crew in going to another part of said track for the purpose of repairing the latter. Held, the railroad company not liable under the principle that a servant whose duty it is to repair defective ways, means, and appliances of the master will not be heard to complain of an injury received on account of such defects."

Although we think it unnecessary to approve in whole the language in the above opinion, it is illustrative of the basis of the finding that the defendant was not negligent in failing to be informed of the accumulation of sand on the crossing and to notify the decedent of such condition, for the defendant could have received the information only from the decedent and the crew working under him, whose duty it was to inspect and supervise all this stretch of track and report to the defendant any defect therein. To the same effect, see Logan v. Day, 110 Wash. 5, 187 P. 913; Du Pont De Nemours & Co. v. Hipp, 123 Va. 49, 96 S. E. 280; Bilodeau's Ex'x v. Moose River Lbr. Co., 97 Atl. 671, 90 Vt. 190.

It is well settled that where there is no evidence reasonably tending to show that the defendant was guilty of negligence, it is error for the trial court to submit that issue to the jury. Chicago, R. I. & P. Ry. Co. v. Smith, 160 Okla. 287, 16 P. 2d 226; Choctaw, O. & W. R. Co. v. Wilker, 16 Okla. 384, 84 P. 1086, 3 A. L. R. (N. S.) 595; Midland Valley Ry. Co. v. Graney, 77 Okla. 54, 185 P. 1088; Smith et al. v. Clark, 125 Okla. 18, 256 P. 36; Oklahoma Gas & Electric Co. v. Lukert, 16 Okla. 397, 85 P. 1076. Since there was no evidence which justified the court in submitting the cause to a jury, it was not error for the trial court to sustain a demurrer to the evidence. Hanson v. Atchison, T. & S. F. Ry. Co., 184 Okla. 480, 88 P. 2d 348.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, HURST, and DANNER, JJ., concur. GIBSON and DAVISON, JJ., absent.