STANOLIND OIL & GAS CO. v.
KLAUS.

No. 31344. Jan. 18, 1944.

*144 P. 2d 955.*

Donald Campbell and E. O. Patterson, both of Tulsa, for plaintiff in error.

Hubert Hargrave, of Wewoka, for defendant in error.

OSBORN, J. This action was brought by Frank Klaus in the district court of Seminole county against Stanolind Oil & Gas Company for damages for the loss of a mule which became seriously injured on the premises under lease and control of the company. The cause was tried to a jury and verdict rendered for plaintiff, from which judgment thereon the defendant has appealed. The parties will be referred to as they appeared in the trial court.

There seems to be no material dispute as to the facts. It is shown by the evidence that the plaintiff was the owner of two mules recently purchased. On the day of the injury the plaintiff turned the mules out and they ran in the direction of where they had been kept at the time of the purchase by plaintiff. When they had gone about a half mile one of the mules, and probably both, left the highway and turned east on a private way which was used by the defendant in going to and from its property. The private way crossed a 40-acre tract. The defendant had placed and was maintaining a cattle guard across this way about 25 feet from the public highway. The premises were fenced to prevent stock kept on the premises from escaping and the guard was used by defendant as a crossing. The evidence showed that the mules had been running, and it appeared that the injured mule was unable to stop on approaching the cattle guard and had slipped into same and became fastened, resulting in breaking the left hind leg and so injuring as to necessitate the killing of the mule.

The plaintiff alleged in his petition that the defendant so constructed and maintained a cattle guard that it constituted a nuisance and a trap for animals; that the cattle guard was constructed by digging a hole in the ground three feet deep, across a much-traveled road near a public highway, and by placing across said hole 4-inch iron pipes six inches apart; and that said cattle guard was built in such a manner and for the purpose of trapping any animal that might attempt to travel said road.

The defendant admitted the construction and ownership of the cattle guard, alleging that it was the same type in general use in the oil fields and throughout the State of Oklahoma, and denying that it was meant for, or that it did constitute, a nuisance or trap for animals, and further pleading the herd laws of Oklahoma.

The plaintiff contends that it was the duty of the defendant toward the trespassing mule to use reasonable means to keep him off its premises, and not willfully, intentionally, or wantonly

injure him. The plaintiff does not contend that the cattle guard was defectively constructed, but that the manner of its construction was for the purpose of trapping any animal that might attempt to travel the road. It was not denied that the cattle guard was the kind generally in use throughout the state, as shown by the defendant.

The defendant contends that there is no evidence to support the verdict and judgment thereon or which establishes or remotely tends to establish any legal liability on the part of the defendant for the injury of which plaintiff complains, and that the evidence fails to establish any legal duty on the part of the defendant the violation of which gave rise to the injury complained of.

In plaintiff's brief it is contended that the defendant had admitted in its answer the construction and ownership of the cattle guard, and that it was built and placed there for the purpose of preventing animals from coming on the premises. Therefore, the jury had sufficient evidence to believe that the defendant expected this mule or some other animal to attempt to travel this road and had prepared a trap for him. The defendant had assumed an obligation to prevent the escape, from the premises traversed by defendant's easement, of the stock of the owner of the premises. But the defendant owed no duty to the plaintiff to guard against an attempted wrongful entry of plaintiff's stock upon the land. The mule was a trespasser even while upon the public highway, and by the voluntary act of its owner, and before the mule could arrive at the point of danger, he had become a trespasser on the premises of the defendant.

Then, the mule being a trespasser upon the defendant's premises, what is the duty and obligation of the landowner, or party in control, with respect to such trespasser in order that such defendant may not be charged with negligence? The plaintiff contends that it was the duty of the defendant, toward the trespassing mule, to use reasonable means to keep him off their premises and not willfully, intentionally, or wantonly injure him. Plaintiff cites the following authority to sustain his contention: Pure Oil Co. v. Gear, 183 Okla. 489, 83 P. 2d 389, wherein this court held:

"The duty of a landowner with respect to trespassing cattle is to not intentionally, willfully, or wantonly injure them, and after the discovery of their peril, to use reasonable care."

This court, in Gypsy Oil Co. v. Ginn, 88 Okla. 99, 212 P. 314, held:

"The only duty which the owner of premises owes a trespasser is not to willfully or wantonly injure him, or, if discovered in a perilous position, it owes him the duty to exercise ordinary care to avoid injuring him."

The defendant agrees with plaintiff's contention and authorities outlining his duties to trespassers and contends that it did nothing to inflict injury upon the mule and had no knowledge of the presence of the mule on its premises.

The testimony shows, and it is uncontradicted, that the character of cattle guards here considered was the same as commonly used throughout the state by oil companies to keep stock from passing in or out of the premises over which the company has an easement. There was no evidence whatever that the cattle guard was a nuisance or that its construction was the willful or wanton act of the defendant for trapping any animal attempting to travel the roadway in which it is located, and upon which the plaintiff relies for negligence and damages. The plaintiff has wholly failed to show the existence of a duty, failure to perform that duty, or injury resulting from such failure, whereby negligence could be reasonably inferred.

In Chicago, R. I. & P. Ry. Co. v. Wainscott, 103 Okla. 187, 229 P. 808, this court held:

"Where there is no evidence reasonably tending to show that a party sought to be charged was guilty of negligence, it is error for the trial court to submit such issue to the jury, and

where the evidence fails entirely to show primary negligence, the court should sustain a demurrer and instruct a verdict for the defendant."

To the same effect are the holdings in Chicago, R. I. & P. Ry. Co. v. Smith, Adm'x, 160 Okla. 287, 16 P. 2d 226; Midland Valley R. Co. v. Graney, 77 Okla. 54, 185 P. 1088, and other cases cited.

This court is of the opinion that the trial court should have sustained the motion of the defendant for a directed verdict in its favor, and that it committed reversible error in failing to do so.

Reversed.

GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. CORN, C. J., and DAVISON, J., absent.