## KANSAS, OKLAHOMA & GULF RY. CO. v. McANALLY.

No. 34870. Dec. 9, 1952.

Rehearing Denied May 19, 1953.

*257 P. 2d 271.*

Chas. P. Gotwals and James D. Gibson, Muskogee, and Anglin, Stevenson & Huser, Holdenville, for plaintiff in error.

Lawrence H. Green, Ada, and Roy Paul, Durant, for defendant in error.

O'NEAL, J. This was an action brought by Charles D. McAnally against the Kansas, Oklahoma & Gulf Railway Company to recover damages for personal injuries growing out of and in the course of his employment as a section hand on defendant's railway right of way.

The parties will be referred to as plaintiff and defendant as they appeared in the trial court.

Upon the return of the verdict in plaintiff's favor and from an order overruling defendant's motion for a new trial, judgment was entered, from which this appeal is taken. The questions posed by the appeal are (1) was there any proof of primary negligence under the various charges of negligence contained in plaintiff's petition and, if so, did one or more of them result in the accident and the injury complained of? (2) whether the appeal presents substantial error in the court's refusal to give adequate instructions under the Federal Employers' Liability Act, and whether the instructions given adequately submitted the issues in the case.

The allegations of the petition may be summarized as charging that the defendant was negligent in (a) failing to exercise reasonable and ordinary care in furnishing plaintiff a safe place in which to work; (b) in failing to provide a sufficient number of fellow employees to perform the work at the time and place of the accident resulting in plaintiff's injury; (c) in failing to properly supervise the work and in doing the work in a dangerous manner; and (d) in doing the work at a time when the ground was covered with snow and sleet.

From an examination of the entire record, we find that the following facts are established by competent evidence:

Plaintiff was employed by defendant in 1945 as a section hand to perform work on its railway track and right of way. On the morning of February 13, 1948, defendant's section foreman instructed plaintiff, and two additional employees of defendant, to load certain repair tools and equipment on a motor car then located at Allen, Oklahoma. The foreman, after receiving advice from the railway depot agent as

to the location of trains that might be operated over the track where his duties might require him to go, rejoined the three employees and ran the motor car from Allen to Boggy Curve set-off, a distance of approximately six miles south of Allen. When they arrived at Boggy Curve, plaintiff, and another employee, lifted the light end of the motor car across the main rails to the set-off rails, and the foreman and an employee pushed the other end of the car around. This method of removing the motor car from the main line track onto the set-off rails was the usual and normal way employed, which practice, as well as the physical conditions of the set-off at Boggy Curve, is not in dispute. As the motor car was lifted off of the main rails and in the process of setting it down, plaintiff's foot slipped and he fell, causing an injury to the back of his head. There was snow and frozen sleet covering the Boggy Curve set-off, as well as the area in general, and it is claimed the accident resulted, in part, by this condition and in conjunction with the other specific acts of negligence heretofore referred to.

Considerable stress is laid upon the circumstances that the foreman told the men at Allen to hurry in loading the working tools upon the motor car as he wanted to reach Boggy Curve, where there was a set-off for the removal of the motor car, before the arrival of a train proceeding north reached that point; that when they reached Boggy Curve, the foreman again urged his crew of three men to hurry and get the motor car off of the main track as a train probably would arrive at any time. One of the employees stated that their foreman was always urging them to hurry.

Plaintiff further suggests as an element of negligence that the foreman having a discretion as to the time and place where work was to be performed by his men should not have gone on the inspection trip on the morning of the day the accident occurred, as it was then apparent that snow and sleet was upon the ground generally in that territory.

After the lapse of a period of time two trains passed; whereupon, the crew replaced the motor push-car upon the main track and proceeded on an inspection trip to a point approximately six miles south of Boggy Curve. They returned to Allen at noon and plaintiff reported to a doctor who dressed his head injury. Plaintiff returned to his usual work within a few days and worked continuously up until July 19, 1948. During the month of July, 1948, the roadmaster of the defendant company observed plaintiff at a time when he was attacked by a spasm, or fit, and the roadmaster directed plaintiff to report to defendant's physician at Muskogee for a physical examination. Defendant's physician was of the opinion that plaintiff was subject to epileptic seizures and that the malady was evidenced by fits and by coma at periodical times. The defendant's physician advised the railway company that plaintiff should not be permitted to resume his railroad work until his physical condition showed improvement. Thereafter, plaintiff submitted himself to two physicians of his own selection who furnished him statements certifying that they were of the opinion that plaintiff was able to resume his former employment. Plaintiff, accompanied by a representative of his labor union, made a request upon the defendant that they reinstate him in his former position. Plaintiff furnished defendant with the physicians' certificates, and also advised the defendant that he felt as able to work as he had previous to the accident, except during such periods of time when he was "knocked out" by what he called "fits." Defendant declined to reinstate him, whereupon plaintiff did construction work in the building of an Armory in the town of Allen, and was engaged in other labor employment. The evidence in reference to whether plaintiff had fainting spells, or fits, prior to the accident complained of, was in sharp conflict. Several witnesses testified that they had not ob-

served that plaintiff had such "spells" prior to the date of the accident. The greater weight of the evidence is to the contrary, as his fellow employees testified that plaintiff had spells both prior and subsequent to his accident, and that the spells were not more progressive subsequent to the injury complained of. The evidence of the three physicians as to whether plaintiff was physically able to resume work was also in sharp conflict. From a careful review of the entire evidence, we are constrained to hold that the evidence does not sustain the allegations of negligence relied upon, and that the evidence and all proper deductions therefrom are insufficient to show a causal connection between the alleged wrong and the injury.

In Casualty Reciprocal Exchange v. Sutfin, 196 Okla. 567, 166 P. 2d 434, we held:

"Where there is competent evidence on the question of negligence introduced from which reasonable men might draw different conclusions, it is one for the jury, and under like circumstances the question of proximate cause is one for the jury."

In Leslie v. Hammer et ux., 194 Okla. 535, 153 P. 2d 101, we said:

"As a general rule the proximate cause of an injury is a question of fact and only becomes a question of law where the evidence together with all inferences which may be properly deduced therefrom is insufficient to show a causal connection between the alleged wrong and the injury."

In the case of Earl, Adm'x, v. Oklahoma City-Ada-Atoka Ry. Co., 187 Okla. 100, 101 P. 2d 249, we held:

"It is well settled that where there is no evidence reasonably tending to show that the defendant was guilty of negligence, it is error for the trial court to submit that issue to the jury."

In Sanders et ux. v. McMichael, 200 Okla. 501, 197 P. 2d 280, this court stated:

"The question of negligence or no negligence is one of law for the court where but one inference can reasonably be drawn from the evidence; and, where the plaintiff fails to show primary negligence or breach of a duty on the part of defendant, then judgment must be for defendant." City of Tulsa v. Harman, 148 Okla. 117, 299 P. 462; Hanson v. Atchison, T. & S.F. Ry. Co., 184 Okla. 480, 88 P. 2d 348; Stanolind Oil & Gas Co. v. Klaus, 193 Okla. 409, 144 P. 2d 955.

The plaintiff's allegation that defendant failed to furnish a safe place within which to work is not supported by proof. It was not shown in what respect the set-off rails were improperly constructed, or were in an unsafe state of repair, nor can plaintiff's allegation be sustained that defendant negligently failed to furnish sufficient fellow employees to remove the motor car from the main line onto the set-off rails. His own testimony disclosed that only four men could be used in this work, and that the work was performed in the usual and customary manner.

Much stress is placed upon plaintiff's statement that the crew was ordered to hurry in getting the motor car loaded at Allen, and off of the tracks at Boggy Curve. The proof discloses that the crew removed the motor car in the usual manner, and that it usually required fifteen seconds to move the motor car off of the main tracks upon the set-off rails. An extended argument is presented that as it was a cold day with snow and sleet upon the ground, the defendant's foreman should not have required the crew to do work at the time and manner disclosed by the record.

The general rule as stated in 39 C.J. 391, is as follows:

"The general rule is that a railroad company is not liable to its employees for injuries resulting from climatic conditions, such as snow and ice, but within its yard limits where workmen in considerable numbers are constantly engaged, it must exercise a degree of care commensurate with the risk to

prevent the accumulation of snow or ice in such quantity, form, and location as to be a menace to the safety of its employees working therein."

The rule is supported by the following cases: Cincinnati N. O. & T. P. Ry. Co. v. Delaney, 204 Ky. 295, 264 S. W. 735; Wichita Falls & S. Ry. Co. v. Burton (Tex. Civ. App.) 35 S. W. 2d 476, 477, and Missouri Pacific Railroad Co. v. Aeby, 275 U. S. 426, 429-30, 72 L. Ed 351, 354.

We next briefly consider defendant's objections and exceptions to the instructions given by the trial court. The petition alleges the defendant and its employee McAnally, was engaged in interstate commerce, and that the action is covered by the Federal Employers' Liability Act, 45 U.S.C.A. §51 et seq.

Section 53 of said Act reads as follows:

"In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employees."

The trial court wholly failed to give an instruction advising the jury that if they found the issues in favor of the plaintiff, and also found that the plaintiff was guilty of contributory negligence, the damages should be diminished by the jury in proportion to the amount of the negligence attributable to plaintiff.

In Kansas City, M. & O. Ry. Co. et al. v. Costa, 69 Okla. 132, 170 P. 892, this court held:

"The requirement of Federal Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U.S. Comp. St. 1916 secs. 8657-8665), that diminution of damages by the jury in case of an employe's contributory negligence shall be in proportion to the amount of negligence attributable to such employe, means that where the causal negligence is attributable partly to the carrier and partly to the employe, recovery cannot be had for full damages, 'but only for a diminished sum bearing the same relation to the full damages that the negligence attributable to the carrier bears to the negligence attributable to both; the purpose being to exclude from recovery a proportional part of the damages corresponding to the employe's contribution to the total negligence.' "

Defendant saved exceptions to the court's instructions Nos. 11, 12, 13 and 14. They were challenged principally upon the assertion that they were unduly long, involved and repetitious in character by setting forth plaintiff's allegations of negligence as enumerated in the petition.

As we view the case, their principal vice was that in no instance did the court advise the jury the applicable diminution of damages under the Federal Employers' Liability Act. It is the duty of the court in every case to give instructions applicable to the issues as found by the pleadings and supported by the evidence.

The judgment is reversed.

WELCH, CORN, GIBSON, and DAVISON, JJ., concur. HALLEY, V.C.J., dissents.

HALLEY, V.C.J. (dissenting). The majority opinion misconstrues the facts in this case and does not properly apply the law to the facts as they actually existed. The evidence clearly shows that the set-off at Boggy Curve was a makeshift affair and was not the regular and normal set-off used by railroads. The location of the set-off was on a slant, which made it easy for the section hands to fall when taking a motor car from the tracks. In addition, the evidence showed that the track and ground around the set-off were covered with snow and ice at the time the plaintiff was injured; and the further

fact was brought out that the foreman caused the men to hurry to get the car off the main line, when there was in fact no urgency about the matter at the time, and he knew it.

The photograph filed in the case-made as the defendants' exhibit shows that the set-off was not safe under normal conditions, and especially would it be a precarious place for the section hands to work when snow and ice were on the ground.

I think the law is settled that in an action for injuries to servants of a railroad the question of whether the injuries proximately resulted from negligence of the railroad company regarding its tracks and roadbeds is for the jury where there is sufficient evidence. McClain v. Charleston & W. O. Ry. Co., 191 S.C. 332, 4 S.E. 2d 280; 57 C.J.S. §533 (e) (2). I say that there was sufficient evidence for the jury to determine whether the working conditions provided by the defendant were safe under the circumstances in the case at bar. It was clearly a case about which reasonable men could differ. There is no question but that the foreman was hurrying the men at the time the plaintiff was injured, and the evidence shows that the approach of the train was not so imminent as to necessitate any hurry. In my opinion, it was a question of fact for the jury to pass on as to whether or not the foreman was guilty of negligence in giving the hurry-up orders he did under the conditions which then existed. See 56 C.J.C., Master and Servant, §280; Williams v. Terminal Railroad Ass'n of St. Louis (Mo. App.) 20 S.W. 2d 584; Mitchell v. Wabash Railway Co., 334 Mo. 926, 69 S.W. 2d 286.

The majority opinion states that the trial court committed error in failing to advise the jury the applicable provision for the diminution of damages under the Federal Employers Liability Act. The trial court did not give such an instruction, but did give an instruction that was more favorable to the defendant railroad than the rule provided for under the Federal Employers Liability Act. The instruction given told the jury that if the plaintiff's negligence contributed in any way to his injuries he could not recover, while the instruction that the defendant sought would have permitted the jury to allow recovery for the plaintiff if it found that his negligence contributed to his injuries. Under the instruction given, the jury had to find that there was no contributory negligence on the part of the plaintiff in order for him to recover anything, and by the verdict of the jury there was contributory negligence. The record was devoid of any evidence of contributory negligence. The defendant cannot complain about the failure of the court to give a requested instruction if the instruction given was more favorable to the defendant than the one requested. Teeters v. Frost, 145 Okla. 273, 276, 292 P. 356; Anderson v. Rucker Bros., 107 Wash. 595, 183 P. 70, 8 A.L.R. 544.

There was testimony by a duly licensed physician that the injury the plaintiff received caused traumatic epilepsy, and there was medical testimony to the contrary. It was clearly the jury's function to determine which doctor it believed.

I respectfully dissent.