## HANSON *et al.* v. KENT & PURDY PAINT CO.

No. 2200.    Opinion Filed November 19, 1912.

Rehearing Denied January 7, 1913.

(129 Pac. 7.)

1.  **APPEAL AND ERROR—Briefs—Setting Out Evidence.** Where a party alleges error on account of the admission or rejection of evidence, but fails to set out in his brief the full substance of such evidence to the admission or rejection of which he objects, stating specifically his objection thereto, the same will not be reviewed on appeal.

2.  **TRIAL—''Instructions.''**  ''Instructions'' are directions in reference to the law of the case, enabling the jury to better understand their duty, and prevent them from arriving at an erroneous and wrong conclusion.

3.  **SAME—Requisites in General.** Instructions covering twenty pages of the record, in a case where the issues are few and simple, are open to serious criticism, as being too long, tedious, vague, and indefinite. Instructions should be plain, simple, concise, unambiguous, and consistent.

4.  **INSTRUCTIONS OF COURT.** Instructions examined, and held to be open to criticism, but not to such extent as would warrant an interference with the judgment.

(Syllabus by Robertson, C.)

*Error from District Court, Oklahoma County;
John J. Carney, Judge.*

Action by the Kent & Purdy Paint Company against S. E. Hanson and another for a money judgment on account. Judgment for plaintiff, and defendants bring error. Affirmed.

*W. K. Snyder,* for plaintiffs in error.

*Oliver C. Black,* for defendant in error.

Opinion by ROBERTSON, C.  Counsel for plaintiffs in error urge four assignments of error as grounds for reversal in in this case; the first being error of the trial court in excluding testimony offered by plaintiffs in error relative to an alleged collateral agreement between plaintiff in error S. E. Hanson and defendant in error, the same being a part of the entire transaction between said plaintiff in error, S. E. Hanson, and defend-

ant in error, and to the effect that said S. E..Hanson, under his contract with defendant in error, could make sales on credit and make due report of said sales on credit, the manner of reporting said sales on credit to defendant in error being prescribed by said defendant in error, its agent or employee. Objection is made by defendant in error to the consideration of this assignment of error by the court, for that it is not saved and presented in the manner and form required by the rules of this court. This objection is well taken and should be sustained. It has been repeatedly held by this court that where a party alleges error on account of the admission or rejection of evidence, but fails to set out in his brief the full substance of such evidence to the admission or rejection of which he objects, stating specifically his objection thereto, the same will not be reviewed on appeal. *Ward v. Richards,* 28 Okla. 629, 115 Pac. 791; *Terrapin v. Barker,* 26 Okla. 93, 109 Pac. 931; *Lynn v. Jackson,* 26 Okla. 852, 110 Pac. 727; *Great Western Mfg. Co. v. Davidson Mill & Elev. Co.,* 26 Okla. 626, 110 Pac. 1096.

Consideration of the second and third assignments of error has been waived by plaintiffs in error, and the same will not receive further consideration at our hands.

The only question presented by this record is that found in the fourth assignment of error, and deals with the instructions given by the court to the jury in this case. Counsel for plaintiffs in error charge that the trial court in this case has "violated every known canon governing the instructing of juries; that the instructions are not plain; that they are not clear; that they are not simple; that they are not concise; that they are ambiguous; that they are contradictory; and that they are inconsistent, misleading, and mutually exclusive and destructive to such a degree that not even a Philadelphia lawyer, much less the ordinary man who sits on a jury, could tell from these instructions what the law was governing this case."

The above, it must be admitted, is a pretty severe criticism of the instructions given in this case. An investigation of the record discloses that this is an action to recover the sum of $1,400 alleged to be due, for merchandise, from plaintiffs in error to de-

fendant in error.  The case was not overly complicated or diffi-
cult; the issues being few and simple.  There was considerable
conflict in the testimony.  The instructions, however, cover twen-
ty pages of the record, and, to our mind, are unnecessarily long
and tedious, and while they are not complex, and do not cover
any issue not in the case, yet we cannot refrain from saying that
the charge should have covered less than half the space actually
consumed.  "Instructions" are directions with reference to the
law of the case, enabling the jury to better understand their duty,
and prevent them from arriving at erroneous and wrong conclu-
sions.  *Leavitt v. Deichmann,* 30 Okla. 423, 120 Pac. 983.  They
should be plain, simple, concise, unambiguous, and consistent.
However, we are not unmindful of the reasons for the failure of
some trial courts to be more concise and definite in matters such
as the one under discussion.  Owing to the congested condition
of the dockets of many of the trial courts in this new state, court
work, as in many other lines, is prosecuted under a full head of
steam, so to speak, with a commendable notion on the part of
trial judges to dispatch quickly the public business.  Lawyers,
in their proper effort to protect their client's interests, frequently
lose sight of the manifold and exacting duties imposed upon the
overworked trial judge, and in some cases forget to prepare care-
ful and concise instructions covering the issues which they know
will be presented at the trial.  Quite frequently they offer none at
all, and the trial court very often is compelled hurriedly to pre-
pare instructions covering the issues of the case in hand with
complicated facts, and frequently under new laws and under
conditions such as exist nowhere else than in this new state.
Hence it is not difficult for one to understand that in cases, es-
pecially where attorneys are contentious and technical, a trial
court may, even in some instances, in a vain attempt to save time,
give to juries long drawn out, obscure and indefinite, and com-
plex instructions, which under different conditions doubtless
would be boiled down and clarified, which would not be open to
the indictment laid against the instructions under consideration.
    The instructions complained of in this case are too long,
they are obscure, and are vague and complicated to a degree, yet,

with all their faults, we cannot say that they do not substantially state the law of the case, or that.they are so misleading that the jury found a wrong verdict by reason thereof. The only specific objection urged against them is that the one given on page 304 of the record is in conflict with a former one found on page 293. As is pointed out by counsel for defendant in error, the last instruction, above referred to, with exception of the following words, "provided you further find by a preponderance of the evidence that there was an arrangement made and entered into between plaintiff and defendant, by which it was agreed that defendant might sell goods on credit belonging to 'plaintiff," is, word for word, identical with plaintiffs in error's requested instruction No. 3, found on page 284 of the record. In our opinion the proviso above quoted saves this instruction from the objection lodged against it, and makes it state the law of the case applicable to the issue considered.

After a careful consideration of all the evidence in the case, we are fully satisfied that the jury reached the right conclusion, and that substantial justice has been done in' the premises, even though the instructions are open to the above general criticism.

The judgment of the district court of Oklahoma county should therefore be affirmed.

By the Court: It is so ordered.