## OSBORN v. CHICKASHA GAS & ELEC. CO.

No. 16665—Opinion Filed June 15, 1926.

Rehearing Denied Feb. 1, 1927.

1. **Negligence—Burden of Proof—Causal Effect—Circumstantial Evidence.**

The burden is on the plaintiff to prove by a fair preponderance of the evidence acts of negligence on the part of the defendant having a causal effect in producing or contributing to the happening of the accident, which results in the injury suffered by the plaintiff. The causal effect may be shown by circumstantial evidence of existing conditions which are reasonably calculated to contribute to, or result in the accident.

2. **Disposition of Cause.**

Record examined; held, to be sufficient to support judgment in favor of the defendant.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grady County; Will Linn, Judge.

Action by Annie May Osborn for damages against the Chickasha Gas & Electric Company. Judgment for defendant, and plaintiff brings error. Affirmed.

F. E. Riddle and Holding & Herr, for plaintiff in error.

Geo. M. Green and Melton & Melton, for defendant in error.

Opinion by STEPHENSON, C. Annie May Osborn commenced her action against the Chickasha Gas & Electric Company for the wrongful death of her husband. The negligence charged is in substance: (a) That while her husband was in the employ of the defendant, the latter failed and refused to furnish the employe a safe place in which to perform his work; (b) that the duties of the deceased required the latter to cross a body of swift water; that the defendant failed to provide the employe and his associates with a boat in suitable repair to be operated on the water; that the defendant failed to place some experienced person in charge of the boat for its guidance and direction in traveling over the moving water; (c) that the negligent and wrongful acts charged were the proximate cause of the boat being swept over the dam, which resulted in the drowning of plaintiff's husband.

The defendant filed a general denial, and further alleged that the decedent was familiar with the dangers, if any, attendant on the performance of the duties he was engaged in at the time of his death; that the decedent was not in the employ of the defendant at the time of the accident.

The trial of the cause resulted in judgment for the defendant, and the plaintiff has perfected her appeal here, and assigns several of the proceedings had in the trial of the cause as error for reversal.

The evidence discloses that the manager of the defendant company employed one Venable to look after the making of repairs to a dam, which impounded a large body of water in the stream of the Washita river. The impounded water was used by the defendant in the operation of its electric plant. Venable was engaged in making the repairs to the dam on the 22nd day of October. Heavy rains had fallen about the date named, and the river was overflowing its banks. The water was running over the dam to a depth of about six feet. On the morning of October 23rd, one Alsup, line foreman for the defendant, Venable, and the decedent crossed to the east side of the river, above the dam in a boat, to repair a telephone line for the defendant. The three parties started on their journey back from the east side of the river to the west side, and in the return were drawn into swift water which carried them over the dam. All three parties lost their lives in the accident.

A man, who was standing on the west side of the stream, saw the parties in the distance as they were swept over the dam. The evidence does not show who was guiding the boat or directing its movements. The evidence does not show that the defects of the boat, if any, were the proximate cause of the accident. The evidence does not show that the negligence of either or any of the parties, who occupied the boat, was the proximate cause of the injury. The evidence does not go farther than to show the happening of the untimely death of the parties named.

The evidence shows that the incident was one of those unfortunate accidents which happen in the course of human events, for which no one is responsible, or which could have been foreseen under the circumstances. The defendant denies that Alsup, the line foreman, was authorized to employ servants for the defendant in the repairs of its telephone lines. The defendant denies that Venable was employed to make the repairs on the telephone line in question. The defendant further charges that Venable was employed to repair and care for the threatened injury to the dam, and that it was for the latter to select his own employees and methods in pursuing the work. Even though the decedent was a servant of the defendant at

the time of the accident, the burden was on the plaintiff to prove some negligent act of the defendant which caused or contributed to the accident. The plaintiff must show by evidence that the injury suffered is the effect of some negligent act of the defendant. The record fails to show that the accident was the result of any negligent act of the defendant, or any breach of the duty of the latter owing to the decedent. Kaw Boiler Works v. Frymyer, 100 Okla. 81, 227 Pac. 453.

It would serve no useful purpose to examine the other questions of law presented by the plaintiff in error, as the record does not show that the accident was the result of the defendant's negligence. In this state of the record, any errors committed in the course of the trial were harmless.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. pp. 600, 624. (2) 4 C. J. p. 1130 §3122.