OKLAHOMA CITY-ADA-ATOKA RY. CO. v. SWINK, Adm'r.

*97 P. 2d 72.*

No. 28901.   Dec. 19, 1939.

O. E. Swan, of Muskogee, for plaintiff in error.

Park Wyatt and Byron Lamun, both of Shawnee, for defendant in error.

HURST, J. Homer L. Swink, as administrator of the estate of his father P. D. Swink, sued the Oklahoma City-Ada-Atoka Railway Company for damages resulting from the death of his father, who was instantly killed in a crossing accident when his automobile was struck by a two-car motorized train of defendant. It was about 6:15 o'clock in the evening during the month of October, just getting dark, and the weather was fair and warm with a slight breeze from the south. The crossing was about a mile and a half west of the city of Shawnee, and the train was running about 20 or 25 miles an hour. The headlight and the lights in the engine and passenger cars were all burning. There were no eyewitnesses, except the engineer, who testified that he saw the automobile just as he struck it. These facts are all undisputed.

The cause was submitted to a jury and a verdict was returned in favor of defendant. Plaintiff filed a motion for new trial, alleging misconduct of the jury in that one of the jurors had, during the trial, talked to the engineer of the train, who was a witness for defendant. After a hearing upon the matter, the trial court sustained the motion and granted a new trial, stating as his reason therefor that the tenor of the instructions was too favorable toward defendant, and further that the court doubted if the verdict was surrounded by the sanctity it deserved. The defendant appeals.

1. Where the trial court sustains a motion for new trial, every presumption will be indulged that such ruling is correct, and unless this court shall determine that in granting such new trial the trial court has acted arbitrarily or has clearly abused its discretion, or has erred on some pure, unmixed question of law, the order granting a new trial will not be reversed. Belford v. Allen (1938) 183 Okla. 261, 80 P. 2d 676. Thus, if there is no evidence of actionable negligence on the part of defendant, the trial court would be in error on an unmixed question of law in granting a new trial upon the ground of erroneous instructions or misconduct of the jury for the obvious reason that as a matter of law the cause should not have been submitted to the jury in the first place.

(a) The first question is whether there was any evidence from which negligence could reasonably be inferred. While plaintiff alleged numerous acts of negligence, the evidence was directed to only two: (a) Failure to maintain a flagman, gates, or automatic bells at the crossing; (b) failure to sound the whistle as a warning that the train was approaching the crossing, as required by law.

The elements of actionable negligence are (1) a duty on the part of the defendant to protect the injured party from injury; (2) failure of defendant to perform that duty; and (3) that such failure was the proximate cause of the injury. Dierksen v. Hollingsworth (1939) 184 Okla. 611, 89 P. 2d 358. Viewing the evidence on plaintiff's contention that the crossing was so dangerous as to require automatic signals or a flagman, in the light of the above requirements, we find it insufficient to justify its submission to the jury, as there was no evidence

that the crossing was an especially hazardous one. St. Louis-S. F. Ry. Co. v. Robinson (1924) 99 Okla. 2, 225 P. 986. As to the failure to sound the whistle, however, there was testimony by witnesses who were in position to hear that this signal was not given.

(b) But in order to make a case of actionable negligence, plaintiff must go further and prove that the act of negligence (in this case the failure to blow the whistle or sound the bell) was the proximate cause of the injury. Defendant argues that plaintiff wholly failed in this regard, and relies upon Davis v. Lawson (1926) 118 Okla. 94, 246 P. 853. The facts in the cited case are not analogous to those in the instant case, and it is not persuasive here.

Proximate cause may be established by direct evidence, or by circumstantial evidence from which the causal connection between the breach of duty and the injury may be inferred. Highway Construction Co. v. Shue (1935) 173 Okla. 456, 49 P. 2d 203. There is no evidence that deceased was hard of hearing, or that he was not in position to hear the signals had they been given as required by statute. From the nature of the accident itself and the physical facts, we think it could be reasonably inferred that the failure to blow the whistle was the proximate cause of the accident. Therefore, in the instant case there was some evidence of primary negligence, and that such negligence was the proximate cause of the injury, and the evidence was sufficient to submit the case to the jury.

2. We must next determine if the trial court abused its discretion in granting a new trial for misdirection of, or misconduct by, the jury.

During the progress of the trial a conversation took place between a juror and the defendant's witness Smith, who was the engineer of defendant's train at the time of the collision. The attorney for plaintiff testified that while he was informed of the conversation at the time it took place, he did not learn of its nature until the case had been submitted to the jury. While it may be that plaintiff's attorney was negligent in not immediately calling the incident to the attention of the trial court, we think the whole matter was addressed to the trial court's discretion, and that his action in granting the motion did not constitute an abuse of discretion. Jarecki Mfg. Co. v. Thames (1931) 151 Okla. 234, 3 P. 2d 428.

The trial court stated that he felt that the instructions as a whole were too favorable to defendant (on which question we express no opinion), and that he was in doubt as to whether the verdict was surrounded by the sanctity which should surround it. In Alexander v. Alexander (1937) 179 Okla. 614, 67 P. 2d 33, this court held that the trial court should grant a new trial whenever, in its opinion, the party asking for it had not had a reasonably fair trial, and had not in all probability obtained or received substantial justice, and this even though the record itself failed to disclose a reason therefor. The record here does not show that the action of the trial court was arbitrary, or an abuse of discretion, but his statement shows that he honestly believed that plaintiff had not received the fair and impartial trial to which he was entitled. We think his action was a proper exercise of judicial discretion, and will not disturb it.

Another question involving the sufficiency of the petition is raised, but we need not determine that question in view of our disposition of the case.

Affirmed.

BAYLESS, C. J., and OSBORN, CORN, and GIBSON, JJ., concur.