## CARPENTER et al. v. BUELLESFELD.

No. 29260. March 26, 1940.

Rehearing Denied May 7, 1940.

*102 P. 2d 119.*

Randall Pitman, of Shawnee, for plaintiffs in error.

Burger & Burger, of Blackwell, and Reily & Reily, of Shawnee, for defendant in error.

HURST, J. This is an appeal from an order sustaining a motion for a new trial.

The action was brought by plaintiff Buellesfeld upon a promissory note executed and delivered to him by defendants. The defense pleaded was lack of consideration. The note grew out of a series of transactions between the parties in which three promissory notes were involved. The first note was made by Dr. M. E. Buellesfeld, the father of defendant Helen S. Carpenter and brother of plaintiff, upon which plaintiff was an accommodation endorser. Dr. Buellesfeld died leaving this note unpaid. The second note was signed by F. J. Buellesfeld, Helen S. Carpenter, A. B. Carpenter as administrator of the estate of Dr. Buellesfeld, and the widow of Dr. Buellesfeld. Mrs. Carpenter and the widow were the sole heirs to the estate of Dr. Buellesfeld. The second note was given to take up the first note. This second note was paid by plaintiff. The estate of Dr. Buellesfeld was insolvent (the appraised value being $59,675 and the debts and approved claims being $77,000) and the note sued on in the present action was made by defendants at the time plaintiff paid the second note, or shortly thereafter.

Trial was had to a jury, which returned a verdict for defendants. Within three days thereafter plaintiff filed a motion for a new trial, which was by the trial court sustained. From this action of the trial court defendants appeal.

The trial court did not state his reasons for setting aside the verdict and granting a new trial, nor does the record show that he was asked to do so. The motion for new trial set out 16 grounds upon which a new trial was sought, including alleged error in admitting evidence, in giving certain instructions, and in the refusal to give certain other requested instructions. We observe there was certain evidence admitted over objections, the trial judge stating at the time that he would take proper care of the rights of the parties in those details in the instructions. In granting a new trial it may have been the conclusion of the trial judge that the instructions given to the jury were not wholly clear upon the issues involved, or that some error had improperly influenced the verdict. There is nothing to indicate which one or more of the grounds of motion for new trial was found to justify granting it.

The rule is well settled that a motion for a new trial is addressed to the sound legal discretion of the trial court, and this court will indulge every presumption in favor of the correctness of the ruling of the judge who presided at the trial, sustaining such motion, and such an order will not be disturbed on appeal unless the record shows clearly that the court erred on a pure and unmixed question of law, or acted arbitrarily or capriciously. Hart v. Howell, 184 Okla. 146, 85 P. 2d 401; Oklahoma City-Ada-Atoka Ry. Co. v. Swink, 186 Okla. 292, 97 P. 2d 72. It follows that the trial court did not abuse its discretion in granting the new trial, and the judgment appealed from will not be disturbed.

Our decision on this point renders it unnecessary to pass upon the question of consideration, to which defendants' argument is chiefly directed.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and OSBORN, JJ., concur.