## SHERIDAN v. DEEP ROCK OIL CORPORATION.

No. 32840. Sept. 16, 1947.

Rehearing Denied Dec. 2, 1947.

Mandate Issued April 28, 1949.

*205 P. 2d 276.*

J. A. McCollum and C. C. McCollum, both of Pawnee, for plaintiff in error.

Charles N. Champion, Hulette F. Aby, and W. F. Semple, all of Tulsa, and Swank & Swank, of Stillwater, for defendant in error.

DAVISON, V.C.J. Plaintiff, Lena Sheridan, brought this action in her official capacity as administratrix of the estate of her deceased husband, Richard Sheridan, to recover from his employer, Deep Rock Oil Corporation, the defendant, damages for conscious pain and suffering, allegedly resulting from the negligence of defendant in failing to provide him with safe tools and appliances and a safe place to work.

The evidence disclosed the following facts: Deceased, a steel worker and an employee of defendant for more than 30 years, was instructed by defendant's foreman of the car repair department to assist in the repair of a railroad oil tank car, on the morning of February 28, 1945, a cold, frosty morning. The car had been steamed out the day before and was left outside overnight and, upon receiving the repair instructions, the workmen pushed it into the barn or shed. It was a standard type railroad oil tank car some 42 feet long, carrying a horizontal tank six feet, seven inches in diameter, on top of the center of which was a vertical cylindrical dome, 53 inches in diameter with a manhole in the top to allow workmen to enter the tank. Along the side of the tank, mounted on brackets some ten feet above the ground, was what was called a dome board, approximately 6 feet long, 12 inches wide and 2 inches thick. It was 44 inches from the center of this board to the crown of the tank car.

After the car was in the barn, another employee, who, with deceased, was to replace some rivets in the tank, place a 14-foot ladder against the dome board, and they both went up the ladder onto the tank, through the

manhole in the dome, and down into the tank where they stayed about 20 minutes and then came out. They attached a long air hose to a type of pneumatic hammer, called a rivet buster, which weighed 28 pounds. They then went to the top of the tank, deceased carrying the tool, which he handed down to the other workman who had entered the tank. Some 15 or 20 minutes was required to complete the work in the tank and then the other workman handed the rivet buster out to Sheridan who was on the crown of the tank car. After the other workman got out of the dome, he saw Sheridan sitting on the ground with men running toward him. He did not see him fall.

Another employee working under the car saw Sheridan falling through the air about six feet from the ground and the ladder falling following him. Deceased struck the ground with the back of his head and shoulders.

This was about 9 o'clock in the morning. Deceased was taken to the hospital where he remained semiconscious until about noon and died shortly after 2 o'clock in the afternoon from a hemorrhage resulting from a fracture at the base of his skull.

Plaintiff alleges that the dome board was frosty and slick (although the testimony was to the contrary); that the defendant failed to furnish a scaffolding for deceased to work on; that the ladder was not, and had no means of being, fastened to the dome board, and that defendant failed to furnish decedent a safe place to work and safe appliances to work with, which proximately resulted in his injury, causing extreme conscious pain and suffering, and death.

At the close of plaintiff's testimony defendant demurred thereto. The demurrer was sustained and judgment rendered for defendant from which plaintiff has appealed.

We have often repeated the rule applicable in negligence cases:

" . . . Where the wrong is not willful and intentional, three essential elements are necessary: (1) the existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of defendant to perform that duty; and (3) injury to the plaintiff proximately resulting from such failure." Oklahoma, K. & M. Ry. Co. v. Daniel, 91 Okla. 249, 217 P. 218.

The burden rests upon plaintiff to allege and prove each of these elements before a judgment against the defendant is warranted. Regardless of the extent to which defendant may be guilty of negligence, no recovery can be had unless the injury was proximately and directly caused thereby. This court, in Hepner v. Quapaw Gas Co., 92 Okla. 9, 217 P. 438, defined the jurisdiction of the court with regard to weighing the evidence on this point. "As a general rule the proximate cause of an injury in negligence cases is a question of fact for determination by the jury, but this general rule has its exception. Where all of the evidence favorable to plaintiff, together with all inferences and conclusions to be reasonably drawn therefrom, is insufficient to point out clearly a causal connection between the alleged negligence of defendant and plaintiff's injury, and where no element of willful or intentional wrong is present," the question is one of law for determination by the court.

In the instant case the plaintiff alleges negligence on the part of decedent's employer. As set out above, no defective condition of any kind is shown by the evidence. But, assuming there was such negligence, plaintiff is not entitled to recover unless there was a causal connection between the same and the injury. Sheridan was seen by his coworker when the rivet buster was handed to him on top of the tank. The next place he was seen was within a few feet of the ground, falling. He could have slipped on the tank, the dome board or the ladder, or he could have twisted his foot or lost his balance in a dizzy spell. With the evidence shown in the record,

the number of causes which could have been responsible for his fall is limited only by the extent of the imagination. For many years deceased had been employed in the same kind of work for the same employer, using the same equipment under like conditions. The evidence indicates that he was an expert in this work. However tragic the accident may have been, plaintiff is not entitled to recover from the defendant unless the injury is shown by the evidence to have been the proximate result of some dereliction on its part.

Citation of authority is scarcely needed to support the rule, many times repeated by this court, that the happening of an accident carries with it no presumption of negligence on the part of the employer as a proximate cause thereof. Yet, we point out two opinions to this effect which cite many former cases:

" . . . In all cases there must be a causal connection between the negligence pleaded and the injury received before there can be a recovery, and that such negligence was the proximate cause of the injury . . ." Willaman et al. v. City of Fairview, 157 Okla. 239, 11 P. 2d 453.

" . . . The plaintiff must show by evidence that the injury suffered is the effect of some negligent act of the defendant. The record fails to show that the accident was the result of any negligent act of the defendant, or any breach of the duty of the latter owing to the decedent." Osborn v. Chickasha Gas & Electric Co., 123 Okla. 198, 251 P. 480.

The trial court was correct in sustaining defendant's demurrer to the evidence:

"A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions that may reasonably and logically be drawn therefrom, but, where such test on demurrer is applied to the evidence of plaintiff and found to support the decision of the trial court, its judgment must be sus-

tained." Harris v. Tucker, 147 Okla. 210, 296 P. 397.

The judgment is affirmed.

HURST, C.J., and RILEY, BAYLESS, WELCH, CORN and LUTTRELL, JJ., concur.

