Kenneth W. CANTRELL, Appellant,

v.

Charles R. HENTHORN, Appellee.

No. 52570.

Supreme Court of Oklahoma.

Feb. 17, 1981.

Ed Abel, Earl R. Donaldson, Leo H. Whinery, Abel, Musser & Sokolosky, Oklahoma City, for appellant.

Procter, Fleming & Speck by Michael L. Darrah, Oklahoma City, for appellee.

BARNES, Vice Chief Justice:

We are asked today to determine whether instructions given in a personal injury action arising out of a rear-end collision were adequate to apprise the jury members of their duty under the law, and the correct state of the law in this jurisdiction.

At trial, the parties stipulated that the negligence of the defendant below was the sole cause of the rear-end collision. Thus, the only issues presented to the jury were issues involving damages. At trial, both litigants presented evidence of the physical injuries of the plaintiff below, and of loss of past and future earnings. Conflicting evidence of the existence of pre-existing condition and its aggravation by the rear-end collision was also presented. At the conclusion of the jury trial, a verdict was returned for the plaintiff below in the amount of $1,500.00, which the plaintiff below contends was inadequate because of improper instructions given to the jury. Plaintiff

below filed a motion for new trial, and the trial court denied that motion. He appeals from the trial court's refusal to grant his motion for new trial.

## I.

■ The first issue presented on appeal is whether the plaintiff below properly preserved his objections to the trial court's refusal to give certain instructions requested by him. The procedure to be used in preserving objections to instructions is set forth at 12 O.S.1971 § 578, which provides:

"A party excepting to the giving of instructions, or the refusal thereof, shall not be required to file a formal bill of exceptions; but it shall be sufficient to make objection thereto by dictating into the record in open court, out of the hearing of the jury, after the reading of all instructions, the number of the particular instruction that was requested, refused and is excepted to, or the number of the particular instruction given by the court that is excepted to. Provided, further, that the court shall furnish copies of the instructions to the plaintiff and defendant prior to the time said instructions are given by the court."

In the case before us, a reading of the record in its entirety shows that plaintiff's counsel requested two instructions on aggravation of pre-existing injury—Requested Instructions No. 6 and No. 7. The record further shows that the trial court refused these instructions, and that the trial court understood plaintiff's counsel was objecting to his refusal, though plaintiff's counsel did not specifically dictate his objection into the record. This Court has previously stated that the "purpose of requiring objections to instructions before reading them to the jury is to inform the court of any defect or irregularity in order that the court may be informed and correct any error." [1] Plaintiff's counsel clearly provided the trial court with an opportunity to correct any errors in the instructions, by providing requested instructions. While plaintiff's counsel did not follow the letter of the law in making his objections, the spirit of the law was complied with. Appellee urges this Court to deny Appellant's preservation of his objections to the refused instructions because of a technicality in procedure. We refuse to do so. Although numerous Oklahoma cases, cited by Appellee, state that the statutory requirements for preserving objections for appeal are mandatory,[2] a review of those cases show that nothing in their records indicated that any objection was taken by the parties. The case before us is clearly distinguishable from those cases, because plaintiff's attorney in the instant case took adequate steps to apprise the court of his objections, giving the court ample opportunity to correct any mistakes in its instructions.

For the above stated reasons, we hold that Appellant's objections to the trial court's refusal to give his Requested Instructions No. 6 and No. 7 were properly preserved for appeal.

## II.

■ Having determined that plaintiff's objections to the trial court's refusal to give his Requested Instructions No. 6 and No. 7 were preserved, we now determine whether such refusal constituted reversible error. The instructions requested by the plaintiff read as follows:

### "PLAINTIFF'S REQUESTED INSTRUCTION NO. 6

"You are instructed if you find under a preponderance of the evidence under these instructions in favor of the plaintiff Kenneth Cantrell, then plaintiff is entitled to his damages, even if a pre-existing condition of the plaintiff has more readily pre-disposed him to injury even though the acts of the defendant would have not caused such injury to a person who did

---

1. *McKee v. Neilson*, 444 P.2d 194 (Okl.1968).

2. *Huff v. Duncan*, 530 P.2d 134 (Okl.App.1974); *Basden v. Mills*, 472 P.2d 889 (Okl.1970); and

*Local Federal Sav. & Loan Ass'n of Oklahoma City v. Sickles*, 196 Okl. 395, 165 P.2d 328 (1945).

not have the pre-existing condition such as the plaintiff had.

### "PLAINTIFF'S REQUESTED INSTRUCTION NO. 7

"Where a pre-existing condition exists which has been aggravated by the accident, it is your duty, if possible, to apportion the amount of disability and pain between that caused by the pre-existing condition and that caused by the accident. The burden of proof on this issue is upon the defendant to establish that portion of plaintiff's present condition for which the defendants are not responsible, and if you find that the evidence does not permit such an apportionment, then the defendants are liable for the entire disability."

Although the trial court refused to give these requested instructions, it did instruct on aggravation of pre-existing conditions. In its Instruction No. 3, the trial court stated to the jury:

"You are instructed that the defendant has admitted liability in this action or in other words that he was the sole cause of the accident and you are not to consider this issue in your deliberations.

"You are further advised that *the only question for you to consider is the question of damages, if any, to the plaintiff arising out of said accident which occurred on or about the 6th day of January, 1977.*

"In this connection you are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the material allegations of the petition; pain and suffering, medical expenses, loss of earnings; earning capacity reduced, *aggravation of a pre-existing condition*; property damages, and unless the plaintiff has proved these allegations by a preponderance of the evidence, your verdict must be for the defendant.

"By a 'preponderance of the evidence' as the term is used in these instructions, is not necessarily meant the greater number of witnesses testifying to a fact or state of facts, but means that evidence which to your mind is most convincing and seems most probably true." [Emphasis added]

In its Instruction No. 6, the trial court further instructed the jury:

"Should you find from a preponderance of the evidence, under these instructions, in favor of the plaintiff, then you may assess the amount of *recovery for such damages*, if any, *which you find from a preponderance of the evidence were sustained by plaintiff as a direct and proximate result of the accident*, and which must not be oppressive or unconscionable, but which you find will fairly and reasonably compensate plaintiff insofar as the same may be computed in money. *In this regard you may take into consideration the age* of the plaintiff, *the physical condition of the plaintiff immediately before and after the accident*; the nature and extent of his injuries, if any; whether the injuries, if any, are permanent or otherwise; the physical impairment sustained, if any; the pain and suffering endured and likely to be endured in the future, if any; medical expenses incurred, and likely to be incurred in the future, if any; loss of earnings, if any; earning capacity reduced, if any; *aggravation of a pre-existing condition, if any*; property damage sustained, if any; and award such sum as you determine will reasonably compensate plaintiff therefor, not to exceed, in any event, the amount sued for." [Emphasis added]

We find that the court's Instructions No. 3 and No. 6 were adequate to apprise the jury that aggravation of a pre-existing condition could be considered, and damages could be awarded on the basis of such aggravation. Additionally, we find that the jury was adequately instructed that it was only to award damages for injuries arising out of the accident, and not for injuries which predated the accident. In so holding, we specifically note that in Instruction No. 3 the jury was instructed that the only question for it to consider was whether damages to plaintiff arose out of the automobile collision. Additionally, we note that

in its Instruction No. 6 the trial court specifically instructed the jury that it may take into consideration the physical condition of the plaintiff immediately before and after the accident. This, together with the trial court's instruction to the jury that it was to take into consideration aggravation of pre-existing conditions, if any, was sufficient to apprise the jury of the issues raised in the cause. Accordingly, we hold that it was *not* error for the trial court to refuse to give plaintiff's Requested Instructions No. 6 and No. 7. For these reasons, we affirm the action of the trial court and the verdict of the jury.

Lastly, we note that a motion to dismiss this appeal was filed by Appellant on February 3rd of this year. That motion is denied.

AFFIRMED.

IRWIN, C. J., and WILLIAMS, HODGES, SIMMS, HARGRAVE and OPALA, JJ., concur.

LAVENDER and DOOLIN, JJ., concur in part and dissent in part.

DOOLIN, Justice, concurring in part; dissenting in part:

I concur with the majority when it concludes the plaintiff properly preserved his objection to instructions given by the trial court.

It is apparent the spirit of the statute, to inform the trial judge of possible errors in the instructions, was carried out in this instance, even though the means used by the appellant was not within the exact technical letter of the law.

This conclusion is strengthened when the wording of 12 O.S.1971 § 578 is examined. It should be noted that the statute provides that it shall be *sufficient* to preserve objections by dictating the number of the questionable instruction into the record. This Court will not punish plaintiff for taking steps beyond the minimum procedure required by the statute.

REFUSAL TO GIVE INSTRUCTIONS

I cannot support the majority conclusion that the given instruction of the trial court adequately presented the issues to the jury.

Jury instructions are directions as to the law of the case, enabling the jury to better understand its duty and to prevent it from arriving at wrong conclusions.[1] The Court could choose the language and form of the instruction which correctly states the law in such terms so that persons of ordinary intelligence can understand the full meaning of the law.[2] No particular instruction need contain all the law of the case, and the instructions are sufficient when, considered as a whole, they present the law applicable to the issues.[3] The Court must give instructions applicable to the issues as found by the pleadings and supported by the evidence.[4]

Plaintiff claims error because the trial court refused to give his requested instructions six and seven.[5] Instead, the court

1. *Hanson v. Kent & Purdy Paint Co.*, 36 Okl. 583, 129 P. 7 (1912).

2. *Campbell v. Breece*, 134 Okl. 266, 274 P. 1085 (1928).

3. *Loftis v. LaSalle*, 434 P.2d 221 (Okl.1967).

4. *Kansas, Oklahoma & Gulf Ry. Co. v. McAnally*, 208 Okl. 497, 257 P.2d 271 (1952).

5. Appellant's requested instruction No. 6 read as follows:

"You are instructed that if you find under a preponderance of the evidence under these rules in favor of the plaintiff, Kenneth Cantrell, then plaintiff is entitled to his damages, even if a pre-existing condition of the plaintiff has more readily pre-disposed him to in-

jury, and even though the acts of the defendant would have not caused such injury to a person who did not have the pre-existing condition such as the plaintiff had."

Appellant's requested instruction No. 7 read as follows:

"Where a pre-existing condition exists which has been aggravated by the accident, it is your duty, if possible, to apportion the amount of disability and pain between that caused by the pre-existing condition and that caused by the accident. The burden of proof of this issue is upon the defendant to establish that portion of plaintiff's present condition for which the defendant is not responsible, and if you find that the evidence does not permit such an *apportionment*, then the defendant is liable for the entire disability."

gave its instructions three and six (a different instruction six than that requested by plaintiff.)[6]

I would adopt for Oklahoma the rationale of other jurisdictions[7] which have held that an instruction containing the *meaning* of term aggravation of preexisting conditions should be given in *all* cases.

I would not give prospective application to the announced change and requirement set out aforesaid because the only issue in the instant case was the question of damages. Plaintiff alleged preexisting condition, and its subsequent aggravation, was the focal point of that damage question. No general explanation of the legal meaning of the term "preexisting condition" was included in the instructions which *were* given. We cannot expect a jury of average citizens to know or understand the significance of the tenet that a defendant takes his victim as he finds him. This was the central issue in plaintiff's case, and it seems more than likely that the appellant was prejudiced by the complete omission of any instruction explaining the effect of a preexisting condition on appellant's recovery. Advising the jury that plaintiff could recover for aggravation of this preexisting condition, if aggravation was proved by appellant, was simply not enough.[8]

The instructions given did not fairly present the crux of plaintiff's case which was raised by his pleadings and amply supported by evidence. Where instructions fail to present the theory of a party on which the case was tried and on which evidence was introduced, and the theory goes to the right to recover, the failure to so instruct constitutes fundamental and prejudicial error.[9]

I would hold it was error to not include an instruction on aggravation of a preexisting condition for I find the Court's given instructions Nos. 3 and 6 were inadequate on that point.

I cannot approve of plaintiff's suggested instruction No. 6 for I believe it is argumentative and overemphasizes the plaintiff's rights to recovery. I would approve of an instruction such as was given in *Irving v. Bullock*, 549 P.2d 1184, 1187 (Alaska 1976), for it fairly presents a plaintiff's theory of recovery, yet preserves the defendant's rights.[10]

Plaintiff also contends the trial court's refusal to give instruction No. 7 was error.

When the trial court gave its instruction No. 6, providing plaintiff could recover for aggravation of a preexisting condition

---

**6.** Given instruction No. 3 read as follows:

"... In this connection, (the matter of damages), you are instructed that the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the material allegations of the petition; pain and suffering, medical expenses, loss of earnings, earning capacity reduced, aggravation of a preexisting condition, ...."

Given instruction No. 6 read as follows:

"Should you find from a preponderance of the evidence, under these instructions, in favor of the plaintiff, then you may assess the amount of recovery for such damages, if any, which you find from a preponderance of the evidence were sustained by plaintiff as a direct and proximate result of the accident ... In this regard you may take into consideration ... aggravation of a pre-existing condition ..."

**7.** *Irving v. Bullock*, 549 P.2d 1184 (Alaska 1976); *Jacob v. Key System Transit Lines*, 140 Cal.App.2d 357, 295 P.2d 569 (1956); *Holt v. McCann*, 58 Tenn.App. 248, 429 S.W.2d 441 (1968).

**8.** *Balestri v. Terminal Freight Co-op Assn.*, 76 Ill.2d 451, 31 Ill.Dec. 189, 394 N.E.2d 391 (1979).

**9.** *Bradley Chevrolet, Inc. v. Goodson*, 450 P.2d 500 (Okl.1969).

**10.** "A person who has a condition or disability at the time of an injury is not entitled to recover damages therefor. However, he is entitled to recover damages for any aggravation of such preexisting condition or disability proximately resulting from the injury.

"This is true even if the person's condition or disability made him more susceptible to the possibility of ill effects that [sic] a normally healthy person would have been, and even if a normally healthy person probably would not have suffered any substantial injury.

"Where a preexisting condition or disability is so aggravated, the damages as to such condition or disability are limited to the additional injury caused by the aggravation."

proximately caused by defendant's action, the jury, in effect, was instructed it was to apportion the pain and disability between the two causes. The portion of the requested instruction No. 7 dealing with the duty of the jury to apportion the damages between those solely attributable to the preexisting condition and those attributable to the aggravation of the condition caused by defendant's negligence is a correct statement of the law. The defendant should not be held liable for an injury which is not a proximate result of his negligence.[11]

However, I believe that the portion of the instruction (requested 7) requiring the defendant to assume the burden of proof that his negligence was not the proximate cause of plaintiff's injury is erroneous. In a case of negligence, plaintiff must prove the defendant owed a duty to the plaintiff, that defendant failed to perform that duty, and that such failure was the proximate cause of plaintiff's injury.[12] By giving this portion of the requested instruction No. 7, the court would have permitted the plaintiff to recover damages even though he has not proved one of the elements of his cause of action, specific causation of the aggravation.[13]

The further instruction that if no apportionment can be made the defendant is liable for the entire injury is also error. This Court stated in *Midco Oil Corporation v. Hull*, 182 Okl. 21, 22, 75 P.2d 1126, 1128 (1938): "No recovery can be had for the effect of any disease contracted before an accident resulting from defendant's negligence, unless the disease was aggravated or increased by defendant's negligent act, when a recovery may be had only to the extent of the aggravation."

A jury cannot ordinarily be instructed to return an award as to amount or quantity in the face of conflicting evidence.

I would hold a general instruction, similar to plaintiff's requested instruction No. 6, explaining the legal concept of preexisting condition and its aggravation, should be given. The jury should also be instructed to award plaintiff damages for injuries resulting only from defendant's negligence. However, any instruction placing the burden upon defendant to show which of plaintiff's injuries he is not responsible for is incorrect, as is any instruction providing that defendant is liable for all of the damages if no apportionment can be shown by the defendant.

I am authorized to state that Justice LAVENDER concurs in the views herein expressed.

11. *Phillips Petroleum Co. v. Robertson*, 207 Okl. 80, 247 P.2d 501 (1952); *Gulf, C. & S. F. Ry. Co. v. Nail*, 156 Okl. 294, 10 P.2d 668 (1932).

12. *Sheridan v. Deep Rock Oil Corp.*, 201 Okl. 312, 205 P.2d 276 (1947); *Oklahoma City-Ada-*

*Atoka Ry. Co. v. Swink*, 186 Okl. 292, 97 P.2d 72 (1939).

13. *St.Louis-San Francisco Ry. Co. v. Ford*, 139 Okl. 64, 281 P. 248 (1929).