CHARTNEY v. CITY OF CHOCTAW



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CHARTNEY v. CITY OF CHOCTAW

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CHARTNEY v. CITY OF CHOCTAW
2019 OK CIV APP 26
Case Number: 116210
Decided: 04/18/2019
Mandate Issued: 05/15/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 26, __ P.3d __

 

T.J. CHARTNEY and STEPHANIE CHARTNEY, Individually and as Husband and Wife, T.J. CHARTNEY and STEPHANIE CHARTNEY, as Natural Parents and Next Friend of BRILEY CHEYENNE CHARTNEY, a Minor, Plaintiffs/Appellees,
v.
THE CITY OF CHOCTAW, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE ROGER H. STUART, TRIAL JUDGE

REVERSED AND REMANDED

Jim Buxton, BUXTON LAW GROUP, Oklahoma City, Oklahoma, for Plaintiffs/Appellees,

Stephen L. Geries, COLLINS ZORN & WAGNER, P.C., Oklahoma City, Oklahoma, for Defendant/Appellant.

BRIAN JACK GOREE, CHIEF JUDGE:

¶1 The City of Choctaw (Defendant/Appellant) appeals the Journal Entry of Judgment entered in favor of T.J. Chartney, Stephanie Chartney, and Briley Chartney (Plaintiffs/Appellees) on the basis that the trial court committed reversible error in giving certain jury instructions, allowing the presentation of irrelevant or prejudicial evidence, and granting attorney's fees. We reverse because the negligence per se instruction was erroneous and there was a probable miscarriage of justice.

¶2 Defendant owns and operates the City's sewer system. After filing a Notice of Tort Claim (Notice) pursuant to the Oklahoma Governmental Tort Claims Act, Plaintiffs filed their action in district court for negligence and nuisance. In the Notice, Plaintiffs asserted a backup caused sewage to flood their home on October 13, 2014. The claim alleged the City operated and maintained its sewer system in a manner that damaged their real property and caused annoyance, discomfort, and inconvenience from the diminished use and enjoyment of their home.

¶3 Following the trial, the court submitted a negligence per se instruction and an instruction notifying the jury of the OGTCA damages cap. After deliberating, the jury returned a verdict in favor of Plaintiffs awarding $18,200 in property damages and $70,000 per person for nuisance damages, for a total award of $228,200. The court entered judgment in favor of the Plaintiffs and against Defendant and reserved the issue of attorney fees.

¶4 Defendant appeals and raises three propositions of error: first, the jury was misled by improper jury instructions; second, the evidence of other backups should have been excluded; and third, attorney fees should not have been awarded.

I.

Standard of Review

¶5 The test upon review of an instruction improperly given or refused is whether there is a probability that the jurors were misled and thereby reached a different result than they would have reached but for the error. Woodall v. Chandler Material Co.,1986 OK 4, ¶13, 716 P.2d 652. Moreover, 20 O.S. §3001.1[1] provides that a judgment will not be set aside unless the appellate court finds the error probably resulted in a miscarriage of justice or constituted a substantial violation of a constitutional or statutory right. See Messler v. Simmons Gun Specialties, Inc., 1984 OK 35, ¶25, 687 P.2d 121. Similarly, 12 O.S. §78 requires appellate courts to disregard harmless error in the giving of jury instructions which does not affect the substantial rights of a party. 12 O.S. §78. See also Sunray DX Oil Co. v. Brown, 1970 OK 183, ¶21, 477 P.2d 67.

II.

The Negligence Per Se Instruction

¶6 Instruction No. 14 advised the jury that a violation of 27A O.S. §2-6-105 or 40 C.F.R. §122.41(e) would make the City negligent if the jury determined the violation was the direct cause of the injury. Appellant argues the instruction was not applicable and likely misled the jury causing it to return a different verdict than it would have without the instruction. Appellees respond that the negligence per se instruction was applicable, and even if it was not, it did not mislead the jury.[2]

¶7 The negligence per se instruction informed the jury that if it found "that a party violated any one of the Statutes, Ordinances or Regulations and the violation was the direct cause of the injury, then such violation in and of itself would make such party negligent." Instruction No. 14 recited the state statute and federal regulation:

§2-6-105. Pollution of state air, land or waters - Order to cease:

A. It shall be unlawful for any person to cause pollution of any waters of the state or to place or cause to be placed any wastes in a location where they are likely to cause pollution of any air, land or waters of the state.

40 CFR Section 122.41 (e):

(e) Proper operation and maintenance. The permittee shall at all times properly operate and maintain all facilities and systems of treatment and control (and related appurtenances) which are installed or used by the permittee to achieve compliance with the conditions of this permit.

¶8 The negligence per se doctrine is used to substitute statutory or regulatory standards for the common law's reasonable care standard. Howard v. Zimmer, Inc., 2013 OK 17, ¶13, 299 P.3d 463. A violation of a statute or regulation is considered negligence per se if the injury complained of (a) was caused by the violation of the statute or regulation, (b) was the type of injury intended to be prevented by the statute or regulation, and (c) the injured party was one of the class meant to be protected by the statute or regulation. See Boyles v. Oklahoma Natural Gas Co., 1980 OK 163, ¶14, 619 P.2d 613.

¶9 While the question of causation is one of fact for the jury, the trial court should be careful to determine whether the statutory or regulatory defined conduct is appropriate. Busby v. Quail Creek Golf & Country Club, 1994 OK 63, ¶¶6, 19, 885 P.2d 1326. ("If . . . there are criminal or regulatory statutes which delineate the defendant's conduct, courts may adopt the conduct required by the statues as that which would be expected of a reasonably prudent person - providing courts believe the statutorily required conduct is appropriate for establishing civil liability." (Emphasis added)).

¶10 We find the trial court erred in submitting the negligence per se instruction with respect to 27A O.S. §2-6-105 because it has no application to the facts and issues at hand. The Plaintiffs failed to demonstrate that the statute intended to prevent the type of injury they suffered or that they were in the class intended to be protected by the statute. Section 2-6-105 is located in the Oklahoma Environmental Quality Code and prohibits pollution of any waters of the state. Section 2-6-104 provides that the purpose and construction of the article is to "provide . . . remedies to prevent, abate and control the pollution of the waters of the state." Appellees have failed to demonstrate that the statute cited was intended to prevent damage from sewage backup in a privately owned home.

¶11 For the same reason, we find that the trial court erred in submitting the negligence per se instruction with respect to 40 C.F.R. §122.41(e). Section 122.41(e) is not applicable. The regulation requires Permittees, as part of the National Pollutant Discharge Elimination System, to properly operate and maintain their facilities and systems. 40 C.F.R. §122.1. Permits are required for the discharge of "pollutants" into "waters of the United States," and applies to "owners or operators of any treatment works treating domestic sewage." 40 C.F.R. §§122.1(b)(1)-(2). The regulation was not intended to prevent the type of injury at issue. Moreover, the regulation alone vaguely requires operators to properly operate and maintain facilities. 40 C.F.R. §122.41(e). A negligence per se instruction is not appropriate where the terms of the [regulation] do not impose positive objective standards. Smith v. Baker, 2017 OK CIV APP 69, ¶29, 419 P.3d 327, 333.

¶12 We must next consider whether submitting the jury instuction, though improper, requires reversal. When appellate courts consider error in a jury instruction, the entire set of instructions is considered as a whole. See Johnson v. Ford Motor Co., 2002 OK 24, ¶16, 45 P.3d 86, 92. The instructions need not be ideal, but they must reflect Oklahoma law regarding the subject at issue. Id. at ¶9. The question before us is whether the inclusion of the negligence per se instruction constituted reversible error where the jury was otherwise properly instructed regarding negligence.

¶13 As a whole, the instructions advised the jury that negligence is a failure to exercise a duty of care. The duty was described in three ways. The jury was informed that it could find the City negligent by (1) failing its duty to use ordinary care, or (2) failing to see that its sewer was not obstructed with refuse, or (3) violating a statute or regulation. It is impossible to ascertain from the record whether the jury based its finding of negligent property damage on a violation of a statute, or by breaching a common law duty.

¶14 Whether the improper submission of a negligence per se jury instruction is reversible or harmless error depends on the evidence. Buck Creek Coal Mining Co., v. Johnson, 1947 OK 185, 181 P.2d 1003, involved the accidental death of plaintiff's decedent when he was struck by a coal car in a part of the mine called the slope where coal was conveyed from shaft to surface. A statute mandated that mines have a man-way, evidently a second means of ingress and egress and separate from the slope. The court instructed the jury that violating this statute would entitle the plaintiff to recover. The statute was inapplicable, however, because the accident occurred in the slope. There was no evidence of a man-way during the trial.

¶15 On appeal, the Supreme Court held that giving the improper negligence per se instruction was not reversible error. Id. at ¶8. "Before this instruction could be fatal to the judgment rendered on the verdict it must appear that the instruction misled the jury in its consideration of the case and that its verdict was substantially the result of confusion of the jury caused by such instruction . . . the giving of an instruction which states a correct proposition of law, but which has no application to the issue involved or the proof, will not warrant a reversal of the judgment, unless it is apparent that such instruction misled the jury." Id. With this rule in mind we turn to the evidence admitted at the trial.

¶16 Mr. and Ms. Chartney testified their home was repeatedly damaged by raw sewage flooding out of the toilets and the bathtubs. The sewage flowed from the bathrooms into the hallway and then into the living room, bedroom, kitchen, and dining room. They had to replace carpets, baseboards, doors, sheet rock, furniture, and their daughters' toys. This happened six times in four years. The sewage was above ankle-deep on at least one occasion.

¶17 The jury heard evidence that the sewage in the plaintiffs' home was caused by rainwater and clogs. Sewer manholes near their home were not sealed and the sewer lines had cracks. Storm water would flow into the manholes. Also, rainwater would seep through the ground into the lines. At the same time, the City's sewer lines were clogged with roots, grease, sludge, and accumulated waste and waste products. At the point where an inflow or infiltration of ground water reached an obstruction in the sewer lines, it would push sewage backward through the main on the Chartneys' street and into their home.

¶18 The public works director for the City of Choctaw stated that blockage by roots was one cause of the sewage backups. He also testified that the City's work on a pump might have contributed to one of the backups when 1400 gallons of water was introduced into the lines during a repair procedure. There was competent evidence that, if believed by the jury, would have supported its verdict for negligence based on the City's failure to adequately maintain its sewer system free from obstructions.

¶19 However, several witnesses affirmed that the escape of sewage violates rules and regulations of the DEQ. There was testimony that it is unlawful to discharge sewage any place that is not permitted by the Oklahoma Department of Environmental Quality. The City is required to report all bypasses [A bypass is an incident where sewage flows outside the system and onto the ground]. The Oklahoma DEQ gave the City notices of violations. A witness for the City agreed that he was aware of notices of violation for discharging pollutants in excess of permit and failure to complete permit requirements at the wastewater plant. He agreed that the wastewater plant is part of the sewage system.

¶20 Considering the significant amount of evidence that the City violated regulations of the DEQ, we cannot say that instructing the jury on negligence per se was harmless error. On the contrary, it is likely the jury was misled because evidence was admitted that violations of regulations prohibiting the escape of sewage culminated in a "consent order" directing the City to repair or replace its treatment plant at a cost of $10.2 million dollars. We hold the erroneous negligence per se instruction may have caused a miscarriage of justice and the judgment based on the verdict must be reversed.[3]

III.

The Tort Damages Cap Instruction

¶21 Appellant also urges that the trial court's inclusion of the OGTCA damages cap instruction constituted reversible error.[4] Instruction No. 25 stated:

[i]f you find that the property damage claimed in this suit was directly caused by the negligence of Defendant, and not by any contributory negligence on the part of the Plaintiff, then you shall use the Blue Verdict Form-Negligence Claim form and find in favor of Plaintiff. If you so find, Plaintiff is entitled to recover the full amount of property damages which you may find Plaintiff has sustained as a result of the occurrence. Under Oklahoma law these damages are limited to $25,000.

If you find for one or more Plaintiff's [sic] on their nuisance claim, then you shall use the Blue Verdict Form-Nuisance Claim. If you so find, Plaintiff is entitled to recover the reasonable amount necessary to compensate Plaintiff for the inconvenience, annoyance and discomfort suffered as a result of the nuisance. Under Oklahoma law these damages are limited to $125,000.00 per person.

¶22 Appellant argues on appeal Instruction No. 25 "impermissibly provided an estimate of the value of the case, and improperly provided guidelines as to the amount of damages to be awarded . . . ." Appellant also speculates that "had the jury not been instructed . . . a much lower dollar figure may have been awarded."

¶23 No authority is presented that requires reversal for instructing the jury of the damages limitation of the OGTCA. Furthermore, the record is devoid of any evidence that would demonstrate the City was prejudiced by the complained of damages cap limit instruction or that the jury was misled. Therefore, we find the trial court's instruction regarding the tort cap limits did not constitute reversible error. See Johnson v. Ford Motor Co., 2002 OK 24, ¶16, 45 P.3d 86.

IV.

Evidence of Other Backups

¶24 The City claims the trial court's admission of evidence of other backups constitutes reversible error. It contends the Notice of Tort Claim limited the Plaintiffs to the single incident on October 13, 2014. The parties disagree about whether the Notice is included in the record on appeal. It is not.

¶25 Relying on Grisham v. City of Oklahoma City, 2017 OK 69, 404 P.3d 843, and Kennedy v. City of Talihina, 2011 OK CIV APP 108, 265 P.3d 757, the City argues the language of the Notice was insufficient to put it on notice that the Plaintiffs would claim damages from incidents occurring after October 13, 2014.

¶26 An appellant has a burden to present a record on appeal that demonstrates the alleged error in the trial court's decision. Boyle v. ASAP Energy, Inc., 2017 OK 82, ¶5, 408 P.3d 183. Any material incorporated by reference in the trial court must actually appear in an appellate record when that material is used to either support or attack the judgment or order that is the subject of the appeal. Id. We are unable to analyze the scope of the Notice because it is not in the record. Consequently, this proposition of error must be disregarded. Hamid v. Sew Original, 1982 OK 46, 645 P.2d 496.

¶27 In conclusion, we hold the verdict was tainted by the improper negligence per se instruction. The judgment based on that verdict is REVERSED and this case is REMANDED for further proceedings.

JOPLIN, P.J., and BUETTNER, J., concur.

FOOTNOTES

[1] 20 O.S. §3001.1 provides:

No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

[2] The parties disagree about whether the error was preserved. At trial, Counsel for the City specifically stated "I object to the instruction on negligence per se. I don't believe it's appropriate under the Governmental Tort Claims Act involving sewer backups." This was sufficient to provided the trial court with an opportunity to correct an error in the instruction. See Cantrell v. Henthorn, 1981 OK 15, ¶4, 624 P.2d 1056. The error was preserved for review.

[3] Because we reverse the judgment against the City we likewise reverse the award of attorney fees.

[4] Appellees contend the City did not preserve error on this issue. At trial, the City argued the damages limit of Instruction No. 25 was not relevant to the jury's decision-making process. Appellees argue City waived review because the objection was for relevance and not that the instruction was prejudicial. We conclude that the objection was sufficient to preserve the error for appeal. See Cantrell v. Henthorn, 1981 OK 15, 624 P.2d 1056.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 108, 265 P.3d 757, KENNEDY v. CITY OF TALIHINA
Discussed
 2017 OK CIV APP 69, 419 P.3d 327, SMITH v. BARKER
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1947 OK 185, 181 P.2d 1003, 198 Okla. 664, BUCK CREEK COAL MINING CO. v. JOHNSON
Discussed
 1994 OK 63, 885 P.2d 1326, 5 OBJ 1945, Busby v. Quail Creek Golf and Country Club
Discussed
 2002 OK 24, 45 P.3d 86, JOHNSON v. FORD MOTOR CO.
Discussed at Length
 1970 OK 183, 477 P.2d 67, SUNRAY DX OIL COMPANY v. BROWN
Discussed
 2013 OK 17, 299 P.3d 463, HOWARD v. ZIMMER, INC.
Discussed
 2017 OK 69, 404 P.3d 843, GRISHAM v. CITY OF OKLAHOMA CITY
Discussed
 2017 OK 82, 408 P.3d 183, BOYLE v. ASAP ENERGY, INC.
Discussed
 1980 OK 163, 619 P.2d 613, Boyles v. Oklahoma Natural Gas Co.
Discussed
 1981 OK 15, 624 P.2d 1056, Cantrell v. Henthorn
Discussed at Length
 1982 OK 46, 645 P.2d 496, Hamid v. Sew Original
Discussed
 1984 OK 35, 687 P.2d 121, Messler v. Simmons Gun Specialties, Inc.
Discussed
 1986 OK 4, 716 P.2d 652, 57 OBJ 669, Woodall v. Chandler Material Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 78, Court to Disregard Insignificant Errors
Discussed
Title 20. Courts
 Cite
Name
Level

 20 O.S. 3001.1, Setting Aside Judgment on Ground of Misdirection of Jury or Error in Pleading or Procedure
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA